10-7347 EAG

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

MARIA DE LOURDES COSME HERNANDEZ          CASE NO. 10-7347 EAG
                                          CHAPTER 13

     Debtor Plaintiff
VS
                                          ADVERSARY
CONSEJO DE TITULARES DEL CONDOMINIO
VILLAS DE PUNTA GUILARTE                   WILLFULL VIOLATION OF
                                          AUTOMATIC STAY


     Defendant-Respondent

**Amended Summary Judgment: Legal Memorandum**


**I. Introduction of the cause of action:**

This action seeks redress for the unlawful and deceptive practices committed by the defendant in connection with its efforts to collect from debtor a pre-petition debt while the automatic stay is in effect, in violation of 11 U.S.C. §362. The defendant's conduct involves falsely representing that a pre-petition debt can be collected while under the protection of the automatic stay.

This action is also filed to enforce the Automatic Stay Order duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent an abuse of process and to preclude the frustration of the orderly administration of the claims in this case. The plaintiff

1

requests monetary, punitive, declaratory and injunctive relief based on violations of 11 U.S.C. §362.

## II. Factual Background:

On August 13, 2010, Debtor from here on Plaintiff, MARIA DE LOURDES COSME HERNANDEZ filed a chapter 13 bankruptcy petition. (Dkt. No. 1)

1) The plaintiff is a citizen and resident of Puerto Rico.

2) The Defendant, Consejo de Titulares Condominio Punt Guilarte; upon information and belief is a corporation dedicated to the administration on the common areas of the Condominium Villas of Punta Guilarte in Arroyo PR. The said entity unit will be served in accordance to Rule 7004, to CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE, PO BOX 40821, SAN JUAN PR 00940 and with a NOTICE TO DEFENDANTS ATTORNEY DE LA CRUZ SKERRET, AT PO BOX 9023663, SAN JUAN PR 00902-3663.

3) ABC INSURANCE CORPORATION is any insurance company duly authorized to do business in Puerto Rico which has issued an insurance policy in favor of one or more co-defendants to the instant action that covers the claims alleged in the instant complaint.

4) The Defendants, John Doe and Richard Roe, are upon information and belief a corporation organized under the laws of the Commonwealth of Puerto Rico or licensed to conduct business in Puerto Rico or natural persons conducting business in the Commonwealth of Puerto Rico.

2

10-7347 EAG

5) Co-defendants, JOHN DOE AND RICHARD ROE, are fictitious names for unknown persons that participated in acts against Plaintiff in violation of the Discharge Order (11 U.S.C.§524), and are responsible for the damages and acts alleged in this complaint.

6) The above captioned chapter 13 case, was commenced on August 13, 2010. See Exhibit #1 (Dkt. No.1 )

7) That Alejandro Oliveras, Chapter 13 Trustee, was included as an indispensable party to this action as per the Bankruptcy Code. (Dkt. No. 5)

8) Debtor-plaintiff has been residing and is residing in Guayama, P.R., which is within this Judicial District. (Dkt. No. 1 )

9) That the CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE was included in the schedule F and in the creditor mailing matrix. See Exhibit #2 and Exhibit #3. (Dkt. No. 1 )

10) That Defendant CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE, was notified of the bankruptcy filing on August 13, 2010, and they filed a timely proof of claim see exhibit #4. (claim #1 )

11) That on August 30, 2012 the chapter 13 plan was confirmed, see Exhibit #5 (Dkt. No. 66 )

12) That the confirmed plan has a provision that consents to the lift of Stay in favor of defendant, in-rem remedies. See Exhibit #6

13) That on July 31, 2012, Defendant continue the willful and continuous efforts to collect with knowledge that debtors were in bankruptcy. See

Exhibit #7, 8, 9, 10, 11.

14)    That the actions of the defendants are willful and contrary to law to an extent that even, a claim was filed in the Puerto Rico State Court to continue legal efforts to make a levy on debtor's assets part of the Bankruptcy state.

15)    On the Answer to the Complaint the Defendant alleges that the Plaintiff did not include in the payment plan the maintenance quotas, either re and post petition. Such plan was not objected by appearing party based on debtor-plaintiff allowing defendant-respondent to pursue collection on the local court of law.

16)    The Defendant also alleges that the Complaint is moot because the Defendant has voluntarily dismissed the legal action against Plaintiff in the Puerto Rico court of law.   (Dkt. No.8 of the Adversary proceeding)

17)    On September 17, 2013 in the Initial Conference Meeting the court ordered to (1) file a separate legal memorandum; (2) file a separate statement of uncontested facts; (3) to provide translation of Spanish documents; and (4) to file a certificate of service.

## III. Discussion and Analysis:

Under Federal Rules of Civil Procedure 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of

law. Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya &Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4. The court must view the evidence in a light most favorable to the nonmoving party. Alt. Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 26 (1st Cir. 2004). Therefore, summary judgment is "inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record." Rijos at 388.

Although this perspective is favorable to the nonmoving party, she still must demonstrate, "through submissions of evidentiary quality, that a trial worthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). Moreover, "[o]n issues where the nonmovant bears the ultimate burden of proof, [she] must present definite, competent evidence to rebut the motion." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir.1991). These showings may not rest upon "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990). But, the evidence offered by

5

the nonmoving party "cannot be merely colorable, but must be sufficiently probative to show differing versions of fact which justify a trial." Id. *See also* Horta v. Sullivan, 4 F.3d 2, 7-8 (1st Cir. 1993) (the materials attached to the motion for summary judgment must be admissible and usable at trial.) "The mere existence of a scintilla of evidence" in the nonmoving party's favor is insufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); González-Pina v. Rodríguez, 407 F.3d 425, 431 (1st Cir. 2005).

As it has been presented there is no doubt that on August 13, 2010, the Plaintiff filed a chapter 13 bankruptcy petition. That later on July 31, 2012, Defendant continue the willful and continuous efforts to collect with knowledge that debtors were in bankruptcy. The documents presented as exhibit in this legal memorandum show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

It is clear that the actions perpetrated herein described constitute a violation of §524(a) of the Bankruptcy Code, 11 U.S.C. §524(a). 28. Under § 524(a) of Bankruptcy Code 11 U.S.C. §524(a), the issuance of a discharge order brings into being a broad injunction against the commencement or continuation of any action, the employment of process or any other act to collect, recover or offset, any discharged debt as a personal liability of the debtors, or from property of the debtors 11 U.S.C. §524(a).

As presented before the Defendant acted with knowledge that the Plaintiff had previously filed a bankruptcy petition. With that knowledge the Defendant

10-7347 EAG

assigned for collection a debt that cannot be collected.  The actions perpetrated by the Defendants are a clear and willfull violation to the Bankruptcy Law and of the automatic stay, pursuant to 11 U.S.C. §362. It is clearly seen since the Defendant on the answer to the complaint alleged that the complaint is moot because the defendant has dismissed the legal action in the local court against the Plaintiff.

**IV. Conclusion:**

**WHEREFORE**, the Plaintiff having set forth his claims for relief against the defendant respectfully prays of the Court as follows:

1. That there are no genuine issues as to any material facts and that therefore, the moving party is entitled to judgment as a matter of law.

2. That the Court Issues an Order Granting the Complaint; for willful violation of the automatic stay.

3.     That the Court Issues an Order Granting the right to recover from the defendant $15,000.00 for the statutory and actual damages.

4.     That the Court Issues an Order Granting the right to recover from the defendant a $15,000.00 for the punitive damages.

5.     That the Court Issues an Order Granting the right to recover from the defendant all reasonable legal fees and expenses incurred by his attorneys;

6.     That the Plaintiff obtains such other and further relief as the Court may deem just and proper.


NOTICE is hereby given to parties in interests that unless a reply in opposition to the a fore NOTICE within twenty one (21) days after service as evidenced by the

10-7347 EAG

certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006 f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law (2) the requested relief is against public policy; (3) in the opinion of the court, the interest of justice requires otherwise. If you file a timely response, the court may, in its discretion, schedule a hearing.

In San Juan, Puerto Rico this 23rd of December, 2013.

JPC LAW OFFICE
Attorney for Plaintiff

PO BOX 363565
San Juan, PR 00936-3565
Tel: (787) 607-2066; (787) 607-2166
jpc@jpclawpr.com


Jose M Prieto Carballo, Esq
USDC- PR 225806

8

United States Bankruptcy Court
District of Puerto Rico

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 13 of the United States Bankruptcy Code,
entered on 08/13/2010 at 10:44 AM and filed on 08/13/2010.

**MARIA DE LOURDES COSME HERNANDEZ**
PO BOX 50955
TOA BAJA, PR 00750
SSN / ITIN: xxx-xx-8083
*aka* **MARIA D.L. COSME HERNANDEZ**
*aka* **MARIA COSME HERNANDEZ**
*aka* **MARIA COSME**
*aka* **MARIA DE LOURDES COSME**
*dba* **MARTIN'S BBQ**
*aka* **MARIA D.L. COSME**



The case was filed by the debtor's attorney:

**JOSE M PRIETO CARBALLO**
JPC LAW OFFICE
PO BOX 363565
SAN JUAN, PR 00936-3565
787-607-2066

The bankruptcy trustee is:

**ALEJANDRO OLIVERAS RIVERA**
ALEJANDRO OLIVERAS CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062
787 977-3500

The case was assigned case number 10-07347-EAG13 to Judge EDWARD A GODOY.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the
debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all,
although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other
action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this
case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.prb.uscourts.gov or at the Clerk's Office, Jose V Toledo Fed Bldg & US Courthouse, 300
Recinto Sur Street, Room 109, San Juan, PR 00901.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important
deadlines.

**MARIA DE LOS ANGELES
GONZALEZ**
Clerk, U.S. Bankruptcy Court

| PACER Service Center |
|---|
| Transaction Receipt |

COSME HERNANDEZ, MARIA DE LOURDES
PO BOX 50955
TOA BAJA, PR 00750-0955

DORAL BANK
PO BOX 71306
SAN JUAN, PR 00936-8406

SANTANDER MORTGAGE CORPORATION
PO BOX 362589
SAN JUAN, PR 00936-2589

Jose Prieto
PO Box 363565
San Juan, PR 00936-3565

DORAL FINANCIAL
PO BOX 71529
SAN JUAN, PR 00936-8629

VIRGINIA GONZALEZ TRABAGA
R2 PALMAR DEL REY
GUAYAMA, PR 00784

AUTORIDAD ACUEDUCTOS Y
ALCANTARILLADOS
PO BOX 7066
SAN JUAN, PR 00916-7066

FIA CARD SERVICES
FIRST BANK
PO BOX 15019
WILMINGTON, DE 19886-5019

AUTORIDAD ENERGIA ELECTRICA DE PR
P.O. BOX 363508
SAN JUAN, PR 00936-3508

FIRST BANK
PO BOX 9146
SAN JUAN, PR 00908-0146

BANCO DE DESARROLLO ECONOMICO
C/O LCDA. JENNIFER LOPEZ NEGRON
PO BOX 195287
SAN JUAN, PR 00919-5287

HOME DEPOT CREDIT SERVICES
PO BOX 6497
SIOUX FALLS, SD 57117-6497

BANCO DE DESARROLLO ECONOMICO
C/O LCDA. JENNIFER LOPES NEGRON
PO BOX 195287
SAN JUAN, PR 00919-5287

JUNTA DE CONDOMINES DE
VILLAS DE PUNTA GUILARTE
ARROYO, PR 00714

COMMERCE PLAZA INC
C/O LCDO. RAFAEL E. SANTOS TOLEDO
PO BOX 13941
SAN JUAN, PR 00908-3941

JUNTA DE CONDOMINES DE PARQUE
INTERAMERI
JUNTA DE CONDOMINES
PARQUE INTERAMERICANA
GUAYAMA, PR 00784

COMMERCE PLAZA INC
LCDO. RAFAEL E SANTOS TOLEDO
PO BOX 13941
SAN JUAN, PR 00908-3941

LYDIAJ HERNANDEZ MORALES
PO BOX 509555
TOA BAJA, PR 00950-0955

DEPARTAMENTO DE HACIENDA DE PR
PO BOX 9024140
SAN JUAN, PR 00902-4140

PUERTO RICO TELEPHONE COMPANY
PO BOX 71535
SAN JUAN, PR 00936-8635

DIRECT LOAN SERVICES
PO BOX 5609
GREENVILLE, TX 75403-5609

R-G MORTGAGE
G.P.O. BOX 362394
SAN JUAN, PR 00936-2394

Case:13-00116-EAG   Doc#:22   Filed:12/23/13   Entered:12/23/13 14:43:21   Desc: Main
Case:10-07347-EAG13   Doc#:1   Filed:08/13/10   Entered:08/13/10 10:44:19   Desc: Main
Document    Page 31 of 47

EXHIBIT 3

B6F (Official Form 6F) (12/07)

IN RE COSME HERNANDEZ, MARIA DE LOURDES                                    Case No. _____
                    Debtor(s)                                                      (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER. *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AUTORIDAD ACUEDUCTOS Y ALCANTARILLADOS<br>PO BOX 7066<br>SAN JUAN, PR 00916-7066 | | | UTILITY SERVICE | | | | 326.00 |
| ACCOUNT NO.<br><br>AUTORIDAD ENERGIA ELECTRICA DE PR<br>P.O. BOX 363508<br>SAN JUAN, PR 00936-3508 | | | UTILITY SERVICE | | | | 5,740.00 |
| ACCOUNT NO. G CD2010-0232<br><br>BANCO DE DESARROLLO ECONOMICO<br>C/O LCDA. JENNIFER LOPES NEGRON<br>PO BOX 195287<br>SAN JUAN, PR 00919-5287 | X | | BUSINESS LOAN<br>PALMAR DEL REY, ARROYO<br>DEBTOR IS CO-DEBTOR WITH VIRGINIA GONZALEZ TRAPAGA<br>05/2009 | | | | 55,000.00 |
| ACCOUNT NO. G CD2010-0232<br><br>BANCO DE DESARROLLO ECONOMICO<br>C/O LCDA. JENNIFER LOPEZ NEGRON<br>PO BOX 195287<br>SAN JUAN, PR 00919-5287 | X | | BUSINESS LOAN<br>BRISAS DEL MAR, GUAYAMA<br>DEBTOR IS CO-DEBTOR WITH LYDIA J. HERNANDEZ MORALES<br>05/2009 | | | | 26,500.00 |

_____ 2 continuation sheets attached

| | Subtotal (Total of this page) | $ 87,566.00 |
|---|---|---|
| | Total<br>(Use only on last page of the completed Schedule F. Report also on the Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Case:10-07347-EAG13 Doc#:1-2 Filed:08/13/10 Entered:08/13/10 10:44:19 Desc: Main
Document Page 12 of 44

B6F (Official Form 6F) (12/07) -- Cont.

IN RE <u>COSME HERNANDEZ, MARIA DE LOURDES</u>                    Case No. _____
                          Debtor(s)                                             (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> CARLOS ALVARADO | | | CONSTRUCTION SERVICES <br> 11/2009 | | | | 20,000.00 |
| ACCOUNT NO. G PE2010-0035 <br> COMMERCE PLAZA INC <br> C/O LCDO. RAFAEL E. SANTOS TOLEDO <br> PO BOX 13941 <br> SAN JUAN, PR 00908-3941 | | | LEASE DEBT <br> 03/2010 | | | | 17,900.00 |
| ACCOUNT NO. 5818780831 <br> DIRECT LOAN SERVICES <br> PO BOX 5609 <br> GREENVILLE, TX 75403-5609 | | | STUDENT LOAN <br> 01/1996 | | | | 15.00 |
| ACCOUNT NO. <br> DORAL BANK <br> PO BOX 71306 <br> SAN JUAN, PR 00936-8406 | | | PERSONAL LOAN <br> DEBTOR IS CO-DEBTOR | | | | 25,000.00 |
| ACCOUNT NO. 4744-0770-2908-2113 <br> FIA CARD SERVICES <br> FIRST BANK <br> PO BOX 15019 <br> WILMINGTON, DE 19886-5019 | | | VISA CREDIT CARD <br> 08/1996 | | | | 3,530.00 |
| ACCOUNT NO. 1907100250 <br> FIRST BANK <br> PO BOX 9146 <br> SAN JUAN, PR 00908-0146 | | | LINE OF CREDIT ACCOUNT <br> 11/2006 | | | | 9,222.00 |
| ACCOUNT NO. 6035-3203-1125-3056 <br> HOME DEPOT CREDIT SERVICES <br> PO BOX 6497 <br> SIOUX FALLS, SD 57117-6497 | | | CREDIT CARD <br> 09/2008 | | | | 1,722.00 |

Sheet no. _____1___ of _____2___ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page) $ 77,389.00

Total
(Use only on last page of the completed Schedule F. Report also on
the Summary of Schedules, and if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.) $ _____

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B6F (Official Form 6F) (12/07) – Cont.

IN RE COSME HERNANDEZ, MARIA DE LOURDES                                    Case No. _____
                           Debtor(s)                                                    (If known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. #12 <br> JUNTA DE CONDOMINES DE <br> VILLAS DE PUNTA GUILARTE <br> ARROYO, PR 00714 | | | MAINTENANCE FEES <br> 11/2009-08/2010 | | | | 1,750.00 |
| ACCOUNT NO. <br> JUNTA DE CONDOMINES DE PARQUE INTERAMERI <br> JUNTA DE CONDOMINES <br> PARQUE INTERAMERICANA <br> GUAYAMA, PR 00784 | | | MANTAINANCE FEE | | | | 1,100.00 |
| ACCOUNT NO. <br> PUERTO RICO TELEPHONE COMPANY <br> PO BOX 71535 <br> SAN JUAN, PR 00936-8635 | | | PHONE SERVICES | | | | 336.00 |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |
| ACCOUNT NO. | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached to
Schedule of Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | $ 3,186.00 |
|---|---|---|
|  | Total (Use only on last page of the completed Schedule F. Report also on the Summary of Schedules, and if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ 168,141.00 |

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

<table>
<tr><td colspan="2"><strong>UNITED STATES BANKRUPTCY COURT</strong>   District of Puerto Rico</td><td><strong>PROOF OF CLAIM</strong></td></tr>
</table>

| Name of Debtor:<br>María de Lourdes Cosme Hernandez | Case Number:<br>10-07347 MCF |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Consejo de Titulares Villas de Punta Guilarte | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>Desk Trial Lawyers, LLC<br>P.O Box 9023663<br>San Juan, P. R., 00902-3663<br><br>Telephone number: | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $_____2,023.75_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   __Condominium maintenanc__
   (See instruction #2 on reverse side.)

**3.** Last four digits of any number by which creditor identifies debtor: _____

   **3a.** Debtor may have scheduled account as: _____
      (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property:$_____   Annual Interest Rate_____%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $____2,023.75____   Basis for perfection: _____

   Amount of Secured Claim: $____2,023.75____   Amount Unsecured: $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

   **Amount entitled to priority:**

   $_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>08/25/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Luis R. Vivas Creditor's attorney | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Statement

P.O. Box 40821
San Juan, PR 00940

| To: |
|---|
| María D Cosme (Villa #12)<br>Urb. Parque Interamericana<br>47 Calle A1<br>Guayama, PR 00784 |

| Date |
|---|
| 8/25/2010 |

| Amount Due | Amount Enc. |
|---|---|
| $2,023.75 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 04/30/2010 | Balance forward | | 1,226.72 |
| 05/01/2010 | Cuota de Mantenimiento | 150.00 | 1,376.72 |
| 05/16/2010 | Multa por pago tardío | 15.00 | 1,391.72 |
| 05/16/2010 | Interés Legal | 0.83 | 1,392.55 |
| 05/16/2010 | Penalidad (+90 días) | 9.37 | 1,401.92 |
| 06/01/2010 | Cuota de Mantenimiento | 150.00 | 1,551.92 |
| 06/16/2010 | Multa por pago tardío | 15.00 | 1,566.92 |
| 06/16/2010 | Interés Legal | 0.83 | 1,567.75 |
| 06/16/2010 | Penalidad (+90 días) | 11.12 | 1,578.87 |
| 07/01/2010 | Cuota de Mantenimiento | 150.00 | 1,728.87 |
| 07/01/2010 | Pago mes 13 (mitad) | 75.00 | 1,803.87 |
| 07/16/2010 | Multa por pago tardío | 15.00 | 1,818.87 |
| 07/16/2010 | Interés Legal | 0.83 | 1,819.70 |
| 07/16/2010 | Penalidad (+90 días) | 18.19 | 1,837.89 |
| 08/01/2010 | Cuota de Mantenimiento | 150.00 | 1,987.89 |
| 08/16/2010 | Multa por pago tardío | 15.00 | 2,002.89 |
| 08/16/2010 | Interés Legal | 0.83 | 2,003.72 |
| 08/16/2010 | Penalidad (+90 días) | 20.03 | 2,023.75 |

SEGUN LA LEY DE CONDOMINIOS DEL 5 DE ABRIL DE 2003, EN SU
ARTICULO #49 (PUESTO EN VIGOR DESDE SEPTIEMBRE 2004) SE FACULTA
AL TESORERO A LO SIGUIENTE:
1) LOS PAGOS EFECTUADOS POSTERIOR AL DIA 15 DE CADA MES
CONLLEVAN UNA MULTA DE 10% DE LA MENSUALIDAD ESTABLECIDA.
2) EN ADICION AL 10% SE CARGARA INTERESES AL TIPO MAXIMO LEGAL.
EN NUESTRO CASO .005%
3) FALTAS DE PAGOS DE TRES (3) O MAS PLAZOS CONSECUTIVOS
CONLLEVA UNA PENALIDAD ADICIONAL DE UNO POR CIENTO (1%)
MENSUAL DEL TOTAL ADEUDADO.

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 35.86 | 184.02 | 251.95 | 520.26 | 1,031.66 | $2,023.75 |

Case:13-00116-EAG   Doc#:22   Filed:12/23/13   Entered:12/23/13 14:43:21   Desc: Main
Case:10-07347-EAG13   Doc#:06   Filed:09/13/11   Entered:09/13/11 14:54:19   Desc: Main
Document     Page 1 of 1

EXHIBIT 5

IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 10-07347 EAG |
| MARIA DE LOURDES COSME HERNANDEZ | Chapter 13 |
| XXX-XX-8083 | |
| | FILED & ENTERED ON 09/13/2011 |
| Debtor(s) | |

### ORDER CONFIRMING PLAN

The debtor's Chapter 13 plan was duly served on all parties.  A hearing on confirmation of the plan was held after due notice to all parties in interest. Objections, if any, have been resolved.  The Court hereby finds that each of the requirements for confirmation of a Chapter 13 plan pursuant to 11 U.S.C. 1325(a) are met.

1.  The debtor, or his employer, shall make the payments to the trustee required by the plan as confirmed or as hereafter modified.  If the debtor does not cause such payments to be timely made, the trustee may request the court for an order directing the debtor's employer to make the appropriate payroll deductions and payments to the trustee or to pay the debtor's entire earnings and wages to the trustee [11 U.S.C. 1325(c)].  Such an order may be issued without further notice.

2.  The debtor shall obtain the approval of the trustee prior to incurring additional debt. The failure to obtain such approval may cause the claim for such debt to be disallowed pursuant to 11 U.S.C. 1305 (C) and the debt to be non dischargeable   [11 U.S.C. 1328 (d)].

3.  If the debtor's plan is confirmed prior to the last day to file claims, or to object to the debtor's claim of exemptions, a modification of the confirmed plan pursuant to 11 U.S.C. 1329 may be required after these dates have past.

Therefore, IT IS HEREBY ORDERED that the debtor's Chapter 13 plan dated 03/03/2011 (docket#41) is confirmed.

### ALLOWANCE OF DEBTOR ATTORNEY'S FEES

The application for the allowance of reasonable compensation as authorized by 11 U.S.C. 330, having been considered, the court finds that a reasonable fee for the services performed and undertaken by such attorney is $3,000.00.  Such fee, less any retainer, shall be paid by the trustee from the monies received under the debtor's plan, provided, however that such payments be deferred in time to payments which may be required to provide adequate protection of the interest of the holders of secured claims.

San Juan, Puerto Rico, this 13 day of September, 2011.

*Mildred Caban*

Mildred Caban Flores
U.S. Bankruptcy Judge

C:    DEBTOR(S)
      JOSE M PRIETO CARBALLO
      ALEJANDRO OLIVERAS RIVERA
      FINANCE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In Re: | Case No: 10-07347 |
| **MARIA DE LOURDES COSME HERNANDEZ** | Chapter 13 |
| Debtor(s) | |

## MOTION TO INFORM AMENDED PLAN

TO THE HONORABLE COURT:

NOW COMES the debtor, through the undersigned attorney, and very respectfully alleges and prays:

1. That today the debtor is filing an amended chapter 13 repayment plan.

2. That the reason for amendment is to clarify provision for Crim and R-G Mortgage and provide for pre petition arrears with Doral Financial.

WHEREFORE, it is respectfully requested to this Honorable Court to take notice of the aforementioned.

RESPECTFULLY SUBMITTED.

I HEREBY CERTIFY that a true and exact copy of the foregoing motion has been filed electronically with the Clerk of the Court using CM/ECF systems which will send notification of such to the Chapter 13 Trustee, and we sent copy of this document through regular mal to debtor (s) and all non CM/ECF participants interested parties to their addresses listed on the master address list.

In San Juan, Puerto Rico this 3rd day of March of 2011.

JPC LAW OFFICE

Jose M Prieto Carballo, Esq
P.O. Box 363565
San Juan, P.R. 00936-3565
Tel (787) 607-2066 & Tel (787) 607-2166
jpc@jpclawpr.com

By: /s/ Jose M Prieto Carballo,  Esq.

## United States Bankruptcy Court
## District of Puerto Rico

IN RE:                                                                    Case No. 10-07347-13

COSME HERNANDEZ, MARIA DE LOURDES                    Chapter 13
_____
Debtor(s)

### CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

| PLAN DATED: _____ | ☑ AMENDED PLAN DATED: 3/03/2011 |
|---|---|
| ☐ PRE ☐ POST-CONFIRMATION | Filed by: ☑ Debtor ☐ Trustee ☐ Other |

| **I. PAYMENT PLAN SCHEDULE** | **II. DISBURSEMENT SCHEDULE** |
|---|---|

**I. PAYMENT PLAN SCHEDULE**

$ 320.00 x 60 = $ 19,200.00
$_____ x____ = $_____
$_____ x____ = $_____
$_____ x____ = $_____
$_____ x____ = $_____

TOTAL: $ 19,200.00

Additional Payments:
$_____ to be paid as a LUMP SUM
within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$_____ x____ = $_____

PROPOSED BASE: $ 19,200.00

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ 2,650.00

Signed: /s/ MARIA DE LOURDES COSME HERNA.
Debtor

_____
Joint Debtor

**II. DISBURSEMENT SCHEDULE**

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☑ Trustee pays secured ARREARS:
Cr. DORAL FINANCIAL    Cr. R-G MORTGAGE    Cr. _____
# 8930050048295    # 1375421    # _____
$ 135.00    $ 1,500.00    $ _____
2. ☐ Trustee pays IN FULL Secured Claims:
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:

5. ☐ Other:
_____
6. ☑ Debtor otherwise maintains regular payments directly to:
R-G MORTGAGE    DORAL FINANCIAL
C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)
D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
☐ Paid 100% / ☐ Other: _____
Cr. _____    Cr. _____    Cr. _____
# _____    # _____    # _____
$ _____    $ _____    $ _____
2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: (Executory contracts; payment of interest to unsecureds, etc.)
See Continuation Sheet

Attorney for Debtor Jose Prieto                              Phone: (787) 607-2066

CHAPTER 13 PAYMENT PLAN

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>COSME HERNANDEZ, MARIA DE LOURDES</u>                    Case No. <u>10-07347-13</u>
Debtor(s)

**CHAPTER 13 PAYMENT PLAN**
**Continuation Sheet - Page 1 of 2**

| | Cr | # | $ |
|---|---|---|---|
| **Executory Contracts - Rejected:** | COMMERCE PLAZA INC | | |

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

IN RE <u>COSME HERNANDEZ, MARIA DE LOURDES</u>       Case No. <u>10-07347-13</u>
Debtor(s)

## CHAPTER 13 PAYMENT PLAN
**Continuation Sheet - Page 2 of 2**

FAILURE TO TIMELY OBJECT TO THIS PLAN BY A CREDITOR CONSTITUTES A WAIVER OF THE EQUAL MONTHLY AMOUNT METHOD OF PAYMENT 11 USC 1325 (a)(5).

ATTORNEY'S FEES WILL BE PAID AHEAD OF SECURED CREDITORS PER 11 USC 330.

TAX REFUNDS, IF ANY ARE RECEIVED BY DEBTOR, WILL BE TENDERED TO THE TRUSTEE AS PERIODIC PAYMENTS TO FUND THE PLAN UNTIL PLAN COMPLETION IN ADDITION TO PAYMENTS ALREADY PROVIDED HEREIN, AND THE PLAN SHALL BE CONSIDERED AUTOMATICALLY AMENDED. IF DEBTOR(S) NEED TO USE ANY PART OF THESE FUNDS, PROPER AUTHORIZATION WILL BE SOUGHT FROM THE COURT FOR SUCH PURPOSE.

DEBTOR CONSENTS TO THE LIFT OF THE AUTOMATIC STAY IN FAVOR OF BANCO SANTANDER, PROPERTY LOCATED AT GUAYAMA PUERTO RICO. CL-14

DEBTOR CONSENT TO THE LIFT OF THE AUTOMATIC STAY IN FAVOR OF RG MORTGAGE PROPERTY LOCATED AT VILLAS DE PUNTA GUILARTE PUERTO RICO. CL-4

DEBTOR CONSENT TO THE LIFT OF THE AUTOMATIC STAY IN FAVOR OF BANCO DE DESAROLLO PROPERTY LOCATED AT VILLAS DE PUNTA GUILARTE PUERTO RICO CL-12

DEBTOR CONSENT TO THE LIFT OF THE AUTOMATIC STAY IN FAVOR OF ASOCIACION DE CONDOMINES DE VILLAS DE PUNTA GUILARTE PUERTO RICO CL-1

DEBTOR CONSENT TO THE LIFT OF THE AUTOMATIC STAY IN FAVOR OF CRIM OVER PROPERTY LOCATED IN GUAYAMA PUERTO RICO. CL -8

TRUSTEE TO PAY CRIM SECURED DEBT OVER PROPERTY IN MONTECASINO TOA BAJA PR ($1,379.80.00)

DEBTOR CONSENTS TO THE LIFT OF STAY IN FAVOR OF RG(SCOTIABANK) AND BANCO DE DESAROLLO OVER PROPERTY IN BRISAS DEL MAR. CL-6

DEBTOR CONSENTS TO THE LIFT OF STAY IN FAVOR OF R-G MORTGAGE (ACC 1145) SINCE PAYMENTS OF THE SAME ARE BEEN MADE BY DEBTORS MOTHER OUTSIDE OF BANKRUPTCY, SINCE SHE LIVES THE PROPERTY AND SHE IS CO- OWNER OF THE SAID PROPERTY.

© 1993-2011 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

Label Matrix for local noticing
0104-2
Case 10-07347-MCF13
District of Puerto Rico
Ponce
Mon Oct 25 12:49:11 AST 2010

DORAL BANK, INC
C/O LIGIA RIVERA BUJOSA
PO BOX 7821
PONCE, PR 00732-7821

RG MORTGAGE CORP/SCOTIABANK PR
WALLACE VAZQUEZ SANABRIA ESQ
17 MEXICO STREET SUITE D-1
SAN JUAN, PR 00917-2202

US Bankruptcy Court District of PR
Southwestern Divisional Office
US Courthouse and Post Office Building
93 Atocha Street, Second Floor
Ponce, PR 00730-3759

AUTORIDAD ACUEDUCTOS Y ALCANTARILLADOS
PO BOX 7066
SAN JUAN, PR 00916-7066

AUTORIDAD ENERGIA ELECTRICA DE PR
P.O. BOX 363508
SAN JUAN, PR 00936-3508

BANCO DE DESARROLLO ECONOMICO
C/O LCDA. JENNIFER LOPES NEGRON
PO BOX 195287
SAN JUAN, PR 00919-5287

BANCO DE DESARROLLO ECONOMICO
C/O LCDA. JENNIFER LOPEZ NEGRON
PO BOX 195287
SAN JUAN, PR 00919-5287

BANCO POPULAR DE PUERTO RICO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PR 00936-6818

COMMERCE PLAZA INC
C/O LCDO. RAFAEL E. SANTOS TOLEDO
PO BOX 13941
SAN JUAN, PR 00908-3941

COMMERCE PLAZA INC
LCDO. RAFAEL E SANTOS TOLEDO
PO BOX 13941
SAN JUAN, PR 00908-3941

CRIM
LEGAL COUNSEL OFFICE
PO BOX 195387
SAN JUAN PR 00919-5387

Consejo de Titulares
Villas de Punta Guilarte
Desk Trial Lawyers, LLC
P.O. Box 9023663
San Juan, P.R., 00902-3663

DEPARTAMENTO DE HACIENDA DE PR
PO BOX 9024140
SAN JUAN, PR 00902-4140

DIRECT LOAN SERVICES
PO BOX 5609
GREENVILLE, TX 75403-5609

DORAL BANK
PO BOX 71306
SAN JUAN, PR 00936-8406

DORAL FINANCIAL
PO BOX 71529
SAN JUAN, PR 00936-8629

FIA CARD SERVICES
FIRST BANK
PO BOX 15019
WILMINGTON, DE 19886-5019

FIRST BANK
BANKRUPTCY DIVISION
P.O. BOX 9146
SAN JUAN, PR 00908-0146

FIRST BANK
PO BOX 9146
SAN JUAN, PR 00908-0146

HOME DEPOT CREDIT SERVICES
PO BOX 6497
SIOUX FALLS, SD 57117-6497

JUNTA DE CONDOMINES DE
VILLAS DE PUNTA GUILARTE
ARROYO, PR 00714

JUNTA DE CONDOMINES DE PARQUE INTERAMERI
JUNTA DE CONDOMINES
PARQUE INTERAMERICANA
GUAYAMA, PR 00784

LYDIAJ HERNANDEZ MORALES
PO BOX 509555
TOA BAJA, PR 00950-0955

POPULAR AUTO
BANKRUPTCY DEPARTMENT
PO BOX 366818
SAN JUAN PUERTO RICO 00936-6818

PUERTO RICO TELEPHONE COMPANY
PO BOX 71535
SAN JUAN, PR 00936-8635

R-G MORTGAGE
G.P.O. BOX 362394
SAN JUAN, PR 00936-2394

RG MORTGAGE CORPORATION as service agent for
c/o WALLACE VAZQUEZ SANABRIA
17 MEXICO STREET, SUITE D-1
SAN JUAN, PR 00917-2202

SANTANDER MORTGAGE CORPORATION
PO BOX 362589
SAN JUAN, PR 00936-2589

VIRGINIA GONZALEZ TRABAGA
R2 PALMAR DEL REY
GUAYAMA, PR 00784

ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS, CHAPTER 13 TRUS
PO BOX 9024062
SAN JUAN, PR 00902-4062

JOSE M PRIETO CARBALLO
JPC LAW OFFICE
PO BOX 363565
SAN JUAN, PR 00936-3565

MARIA DE LOURDES COSME HERNANDEZ
PO BOX 50955
TOA BAJA, PR 00950-0955

MONSITA LECAROZ ARRIBAS
OFFICE OF THE US TRUSTEE (UST)
OCHOA BUILDING
500 TANCA STREET  SUITE 301
SAN JUAN, PR 00901-1938

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)DORAL BANK
C/O LIGIA RIVERA BUJOSA
PO BOX 7821
PONCE PR 00732-7821

End of Label Matrix
Mailable recipients      33
Bypassed recipients       1
Total                    34

ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MUNICIPAL DE ARROYO EN GUAYAMA

| | |
|---|---|
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE<br><br>Demandante<br><br>vs.<br><br>MARÍA DE LOURDES COSME HERNÁNDEZ<br><br>Demandados | CIVIL NÚM. GACI 2012-0065<br>(101 A)<br><br><br><br>SOBRE:  COBRO DE DINERO<br>(REGLA 60) |

**MOCIÓN SOLICITANDO EXPEDICIÓN DE
NOTIFICACION Y CITACION A VISTA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, Consejo de Titulares del Condominio Villas de Punta Guillarte, por conducto de la representación legal que suscribe y muy respetuosamente, al Honorable Tribunal **INFORMA Y SOLICITA:**

1.     El pasado 2 de abril de 2012 la parte compareciente solicitó ante este Honorable Tribunal mediante solicitando expedición de nuevo proyecto de Notificación y Citación  debido a que la parte demandada había sido notificada de la Demanda y Citación para el 26 de marzo de 2012 mediante correo certificado con acuse de recibo, sin embargo, la parte demandada optó por no reclamar la correspondencia notificada por el Servicio Postal.    Por lo que, el Tribunal concluyó que la parte demandada no fue debidamente emplazada.

2.     Conjuntamente con la moción indicada en el párrafo primero se acompaño con los proyectos de  Notificación y Citación para que fueran expedidos por el Tribunal.

3.     El 12 de junio de 2012 el Tribunal emitió los proyectos de Notificación y Citación señalando la vista en su fondo para el 9 de julio de 2012.



4.      Debido a la conducta desplegada por la parte demandada de no reclamar la correspondencia enviada por la parte demandante, se procedió a notificar la Notificación y Citación mediante diligenciamiento personal a tenor con la Regla 4 de Procedimiento Civil.

5.      Como parte de las gestiones para localizar a la señora María Cosme, parte demandada, y fuese emplazada personalmente,  la parte demandante advino en conocimiento de una nueva dirección de la parte demandada:

**CALLE JOBO 128 MONTE CASINO**
**TOA ALTA, P.R.  00953-3732**

6.      Se acompaña carta suscrita por la señora María Cosme Hernández del 3 de abril de 2012 relacionada a su propiedad localizada en el Condominio Villas de Punta Guillarte y de la cual surge la dirección arriba indicada.

7.      Así las cosas, el emplazador se presentó a la residencia de la Sra. María Cosme localizada en Toa Alta, Puerto Rico diligenciar la Notificación y Citación conjuntamente con la demanda.  Al entregar la copia de la demanda y de la Citación a la Sra. Cosme, ésta le manifestó al emplazador que estaba bajo la  protección del Capítulo 13 de la Ley de Quiebras Federal induciendo a error al emplazador quien se retiró del lugar sin emplazar a la Sra. Cosme.   La Sra. Cosme le ofreció el número del caso asignado en el Tribunal de Quiebras Federal.

8.      Surge del caso *In Re: María de Lourdes Cosme Hernández,* Caso Núm. 10-07347 que la Sra. Cosme consintió a que levantara el *Automatic Stay* a favor de la Asociación de Condómines de Villas de Punta Guillarte.  Se acompaña copia del *Trustee Request To Discontinue Disbursements to Consejo de Titulares Villas de Punta Guillarte Regarding Proffo of Claim #01 Notice and Certificate of Service* del 12 de octubre de 2011 emitido por el Síndico Alejando Oliveras Rivera.

9.      A tales efectos, la parte compareciente solicitó que se dejara sin efecto el señalamiento del 9 de julio de 2012 y a tenor con la Ley Núm. 98 del 24 de mayo de 2012 se expida una nueva Notificación y Citación para que sea notificado en

2

conjunto con la demanda a la dirección que surge del párrafo 6 de la presente

moción.   **Se acompaña proyecto de notificación – citación con la presente**

**moción.**

**POR TODO LO CUAL** muy respetuosamente se solicita del Honorable

Tribunal que expida la Notificación y Citación a tenor con lo dispuesto en la Regla 60

de Procedimiento Civil de Puerto Rico, según enmendada por la Ley Núm. 98 de 24

de mayo de 2012.

**RESPETUOSAMENTE SOMETIDA**.

En San Juan, Puerto Rico, hoy 31 de julio de 2012.

**CERTIFICO:** Haber enviado copia fiel y exacta del presente documento a la

parte demandada **Sra. María de Lourdes Cosme Herñandez,** a la Urbanización

Parque Interamericana, 47 Calle A-1, Guayama, PR 00784 y a la Calle Jobo 128,

Monte Casino, Toa Alta, P.R.  00953-3732.

**DESK TRIAL LAWYERS & COUNSELORS, LLC**
P.O. Box 9023663
San Juan, PR 00902-3663
Tel: 787-641-1717 - Fax: 787-641-2444
E-mail: mramos@desktrial.com

**MARTA R. RAMOS SANTIAGO**
RUA.14602

MRRS/0186.018

3

ANEJO I

MARIA DE LOURDES COSME HERNANDEZ
CALLE JOBO 128 MONTE CASINO
TOA ALTA, PR 00953-3732

## CARTA DE AUTORIZACION

03 de abril de 2012

Banco Scotiabank de Puerto Rico

A quien pueda interesar:

Por la presente, Yo, María de Lourdes Cosme Hernández, autorizo al Sr.
Iván D. Jiménez - Presidente de Jiménez González- Rubio a realizar cualquier
tramite relacionado a la Hipoteca 1373764 ubicada en Villa #12 de Villas de Punta
Gullarte, Arroyo PR con el Banco Scotiabank de Puerto Rico. Cualquier duda o
pregunta favor de comunicarse al 787-220-0185.

Atentamente,

_María D. Cosme Hernández_  04-03-12

María D. Cosme Hernández

CM/ECF – U.S. Bankruptcy Court:prb                                                    **ANEJO II**                    6/27/12 5:38 PM

Case:10-07347-EAG13   Doc#:71   Filed:10/12/11   Entered:10/12/11 10:52:20   Desc: Main
Document     Page 1 of 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE

**MARIA DE LOURDES COSME HERNANDEZ**                    CASE NUMBER:  **10-07347-EAG**

                                                       CHAPTER 13

Debtor(s)

---

TRUSTEE REQUEST TO DISCONTINUE DISBURSEMENTS
TO CONSEJO DE TITULARES VILLAS DE PUNTA GUILARTE
REGARDING PROOF OF CLAIM #01
NOTICE AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, Alejandro Oliveras Rivera, Standing Chapter 13 Trustee, and very respectfully ALLEGES, STATES and PRAYS:

1.   CONSEJO DE TITULARES VILLAS DE PUNTA GUILARTE (herein after "CONSEJO") filed proof of claim number 01 in the amount of $2,023.75 with secured status.  Confirmed amended plan dated March 03, 2011 provides for the lift of stay in favor of movant (Dkt#41).

2.   The trustee submits that he has made no disbursements to CONSEJO on the above mentioned claim.

3.   The trustee requests that Proof of Claim No. 01 be disallowed in view of the confirmed amended plan provision for the lift of stay in favor of CONSEJO.

WHEREFORE, it is respectfully requested from this Honorable Court to enter an order disallowing Proof of Claim No. 01, this in view of the confirmed amended plan provision for the lift of stay in favor of CONSEJO.

NOTICE:  30 DAY NOTICE TO ALL CREDITORS AND PARTIES IN INTEREST : YOU ARE HEREBY NOTIFIED THAT YOU HAVE THIRTY (30) DAYS FROM THE DATE OF THIS NOTICE TO FILE AN OPPOSITION TO THE FOREGOING MOTION AND TO REQUEST A HEARING.  IF NO OPPOSITION IS FILED WITHIN THE  PRESCRIBED PERIOD OF TIME, THE TRUSTEE'S MOTION WILL BE DEEMED UNOPPOSED AND MAY BE GRANTED WITHOUT FURTHER HEARING UNLESS(1) THE REQUESTED RELIEF IS FORBIDDEN BY LAW; (2) THE REQUESTED RELIEF IS AGAINST PUBLIC POLICY; OR (3) IN THE OPINION OF THE COURT, THE INTEREST OF JUSTICE REQUIRES OTHERWISE.  IF A TIMELY OPPOSITION IS FILED, THE COURT WILL SCHEDULE A HEARING AS A CONTESTED MATTER.

CERTIFICATE OF SERVICE: I hereby certify that on this date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends notification of such filing to all those who in this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to U.S. Trustee at ustpregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s), debtor(s) attorney, creditor and creditor's legal representation (if appearance has been filed) to their addresses of record.

RESPECTFULLY SUBMITTED at San Juan, Puerto Rico, this October 12, 2011.

/S/ ALEJANDRO OLIVERAS RIVERA
ALEJANDRO OLIVERAS RIVERA
Chapter 13 Trustee
PO Box 9024062
San Juan, PR 00902-4062
Phone 787-977-3500 Fax 787-977-3521

---

10-07347-EAG                    CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the foregoing document was mailed by first class mail or electronically sent to the parties listed below:

CM/ECF – U.S. Bankruptcy Court:prb                                          6/27/12 5:38 PM



CONSEJO DE TITULARES VILLAS DE PUNTA GUILARTE
DESK TRIAL LAWYERS,LLC
P.O.BOX 9023553
SAN JUAN, PR 00902 -3663

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA DE MUNICIPAL DE ARROYO EN GUAYAMA**

| | |
|---|---|
| **CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE** | **CIVIL NÚM. GACI 2012-0065** |
| **Demandante** | **SALA  101 A** |
| **vs.** | |
| | ~~**SOBRE:  COBRO DE DINERO**~~ |
| **MARÍA DE LOURDES COSME HERNÁNDEZ** | **(REGLA 60)** |
| **Demandados** | |

**MOCIÓN SOLICITANDO ORDEN DE EMBARGO
PARA ASEGURAR EFECTIVIDAD DE SENTENCIA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la parte demandante, Consejo de Titulares del Condominio Villas de Punta Guilarte, por conducto de sus abogados que suscriben, y ante este Honorable Tribunal muy respetuosamente **EXPONE, ALEGA y SOLICITA:**

1.     La deuda reclamada en la Demanda que da origen a este litigio surge de la obligación de la parte demandada de contribuir y aportar ciertas cantidades de dinero por concepto de cuotas de mantenimiento, las cuales han sido asignadas proporcionalmente a la villa 12 localizada en el Condominio Villas de Punta Guilarte, ubicado en los Barrios Palma y Cuatro Calles, Arroyo, Puerto Rico, el cual es un inmueble sometido al Régimen de la Propiedad Horizontal.

2.     El Condominio Villas de Punta Guilarte fue sometido a dicho Régimen de conformidad con la Ley de Propiedad Horizontal, hoy *Ley de Condominios*, mediante la Escritura Número Nueve (9), otorgada el 5 de junio de 1995 ante el notario Arturo Maldonado Morales. Las disposiciones de esa Escritura y del Reglamento interno que le corresponde son implantadas y administradas por la Junta de Directores de Villas de Punta Guilarte.



3.   Al 31 de julio de 2012, la parte demandada le adeuda a la demandante
no menos de **$8,220.44** por concepto de cuotas de mantenimiento, más intereses y
las penalidades que puedan ser aplicables. Dicha deuda está vencida y es líquida y
exigible.

4.   La parte demandante interesa asegurar la efectividad de la Sentencia que
en su día pueda dictar este Ilustrado Foro a su favor, mediante el embargo preventivo
de bienes inmuebles pertenecientes a la parte demandada, Maria de Lourdes Cosme
Hernández, por ambos hasta un mínimo de **$5,724.25,** suma expuesta en la referida
Demanda y en las Declaraciones Juradas que acompañan a la presente, aun cuando
dichos bienes inmuebles se encuentren en poder de terceros.

5.   De conformidad con lo dispuesto por el Artículo 112 de la Ley
Hipotecaria, 30 L.P.R.A. § 2401, cualquier persona podrá solicitar la anotación
preventiva de sus derechos en el Registro de la Propiedad, una vez obtenga a su
favor mandamiento de embargo sobre los bienes inmuebles del deudor.

6.   El Artículo 39 de la *Ley de Condominios* (Ley Núm. 104 de 25 de junio
de 1958, enmendada principalmente por la Ley Núm. 157 de 4 de junio de 1976 y
por la Ley Núm. 103 de 5 de abril de 2003), según enmendado, 31 L.P.R.A. § 1293c,
establece la obligación de los titulares de contribuir a la conservación del inmueble y
de sus áreas y elementos comunes, mediante una cuota de mantenimiento
proporcional que se utilizará también para sufragar gastos de administración.  Por
otro lado, el Artículo 15(f) de la Ley de Condominios, 31 L.P.R.A. § 1291m(f), obliga
a todo titular a "contribuir con arreglo al porcentaje de participación fijado a su
apartamiento en la escritura de constitución,... a los gastos comunes  para el
adecuado sostenimiento del inmueble".

7.   El citado Artículo 39 dispone para que la reclamación por concepto de
gastos de administración y conservación o cuotas de mantenimiento,  se pueda exigir

por la vía judicial, incluyendo remedios preventivos en aseguramiento de la efectividad de la sentencia que en su día pudiera recaer a favor del Consejo de Titulares demandante.  Como **único** requisito para decretar el embargo preventivo de un bien inmueble de la parte demandada, la demandante deberá proveerle a este Honorable Tribunal **"una certificación jurada por el Presidente y por el Secretario del Consejo de Titulares, ante un notario público u otro funcionario autorizado para tomar juramentos, en que conste el acuerdo que aprobó el gasto exigible y su cuantía, así como la gestión de requerimiento de pago a que se refiere el párrafo cuarto** [del Artículo 39 de la *Ley de Condominios*]**"**.  (Énfasis nuestro.)

8.     A los fines de poder efectuar el embargo preventivo sobre bienes inmuebles pertenecientes a la parte demandada, el demandante Villas de Punta Guilarte, respetuosamente solicita que se expidan la **ORDEN** y el **MANDAMIENTO** correspondientes, dirigidos al Registrador de la Propiedad, Sección de Guayama. A tenor con los requisitos del citado Artículo 39, se incluyen adjuntas Declaraciones Juradas suscritas por el Presidente y el Secretario de la Junta de Directores de Villas de Punta Guilarte, en las cuales se certifica sobre la cuantía adeudada, el documento del cual emana la exigibilidad de la deuda y las gestiones de requerimiento de pago.

9.     La propiedad inmueble de la parte demandada, Maria de Lourdes Cosme Hernández,  sobre la cual se interesa la anotación de un embargo preventivo, es la que aparece descrita a continuación, de conformidad con la descripción de la misma que se encuentra en el Registro de la Propiedad de Puerto Rico de Guayama:

*FINCA: #5893 inscrita al folio 31 del tomo 157 de Arroyo
Registro de la Propiedad de Guayama.*

*DESCRIPCION: URBANA: Propiedad Horizontal: Villa #12. Villa Residencial, de forma rectangular, de dos niveles, individual, localizada en el Condominio Villas de Punta Guilarte, situado en los Barrios Palma y Cuatro Calles, del Municipio de Arroyo, Puerto Rico. Esta villa tiene un área superficial de aproximadamente 1,156.00 pies cuadrados equivalentes a 107.53 metos cuadrados. Son sus linderos los siguientes: por el Norte en distancia de 14.00 pies lineales, con un área exterior de elemento común; por el Sur en distancia de 14.00 pies lineales con un área exterior de elemento común; por el Este en distancia de 42.00 pies lineales con un área exterior de elemento común y por el Oeste en distancia de 42.00 pies lineales con un área exterior de elemento común. Consta del primer nivel de cocina, sala-comedor, área de lavandería, un medio baño, terraza y escalera que conduce al segundo nivel, el segundo nivel consiste de dos dormitorios, un baño y balcón. La puerta principal de entrada y salida está localizada en su lado Norte, en su lado Sur, tiene otra puerta que conduce a una terraza, que a su vez conduce al patio exterior asignado a esta Villa y a los elementos comunes del Condominio. A esta Villa le corresponde dos espacios de estacionamiento asignados que se identifican con los #12 y #12-A; también goza del uso exclusivo de un área de patio en su lado Sur, que es elemento común limitado, con un ancho de 14.00 pies lineales y un largo de 9.00 pies lineales, cuya área será mantenida por el propietario, y la misma no puede ser ampliada, cercada, ni habilitada para otro uso que no sea un espacio abierto. A esta Villa le corresponde una participación en los elementos comunes generales del Condominio de 1.75%.*

*TRACTO: Se individualiza de la finca #560 inscrita al folio 82 del tomo 154 de Arroyo*

10. En virtud de lo antes expuesto, la parte demandante Villas de Punta Guilarte, respetuosamente solicita de este Honorable Tribunal que se expidan la **ORDEN** y el **MANDAMIENTO** correspondientes, de Embargo Preventivo en Aseguramiento de Sentencia sobre la propiedad inmueble antes descrita, perteneciente a la parte demandada. (Se acompañan los correspondientes proyectos de **ORDEN** y **MANDAMIENTO**.)

**POR TODO LO CUAL**, muy respetuosamente se solicita de este Honorable Tribunal que tome conocimiento de lo antes expuesto y que se expidan inmediatamente la **ORDEN** y el **MANDAMIENTO** de Embargo Preventivo en Aseguramiento de Sentencia, que solicitamos, sobre la propiedad inmueble antes descrita, perteneciente a la parte demandada.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, a 6 de agosto de 2012.

**CERTIFICO** que estoy enviado copia fiel y exacta de esta MOCIÓN por correo

regular a la **Sra. María de Lourdes Cosme Herñandez** a la Calle Jobo 128, Monte

Casino, Toa Alta, P.R.  00953-3732.


**DESK TRIAL LAWYERS & COUNSELORS LLC**
P.O. Box 9023663
San Juan, PR 00902-3663
Tel: 787-641-1717 - Fax: 787-641-2444
mramos@desktrial.com


**MARTA R. RAMOS SANTIAGO**
RUA Núm. 14602

MR/186.018

EXHIBIT 9

## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE PRIMERA INSTANCIA
## SUPERIOR LIMITADO SALA DE TOA ALTA

25 de abril de 2013

**Secretario:**

Tribunal de Primera Instancia
Sala Municipal de Toa Alta
Toa Alta, Puerto Rico

RE:  __XX__ Civil        _____ Tránsito
       _____ Criminal   _____ Menores

**CIVIL NUM.** GACI2012-0065

CONSEJO DE TITULARES DE
COND VILLA DE PUNTA
GUILLARTE
VS.

MARIA DE LOURDES COSME HDZ

**SOBRE:**   COBRO DE DINERO
REGLA 60

Estimado secretario:

Con fecha **23 de abril de 2013,** se presentaron en esta Secretaría los escritos relacionados con el asunto en el epígrafe, correspondientes a esa Secretaría. Conforme a las directrices impartidas a través de la Orden Administrativa II que establece las Normas Administrativas sobre la Presentación y Referimiento de Casos en el Tribunal de Primera Instancia, aprobada por el Juez Presidente y la Circular Núm. 25 de 30 de enero de 1995, los refiero a su atención para los trámites pertinentes.

MIGDALIA MARRERO CALDERON
SEC. CONFIDENCIAL DEL TRIBUNAL II

POR: SHARLEN FERNANDEZ RIVERA
SEC. AUX. TRIB. I

**DEMANDA**
**CC. LCDA. MARIA R. RAMOS SANTIAGO-PO BOX 9023663, SAN JUAN PR 00902-3663**
**MARIA DE LOURDES COSME HERNANDEZ-URB. MONTE CASINO, 128 CALLE JOBO, TOA ALTA
PR 00953-3732**

OAT-1090 enero 1995
Carta Trámite para referir escritos presentados

EXHIBIT 10

Estado Libre Asociado de Puerto Rico
TRIBUNAL GENERAL DE JUSTICIA
**TRIBUNAL DE PRIMERA INSTANCIA**
Sala de (☐ Superior ☒ Municipal) de  Toa Alta

# ACUSE DE RECIBO DE EXPEDIENTE (TRASLADADO)

2  de   mayo  de 2013

Sr(a). Secretario(a) _____
Tribunal de Primera Instancia
Sala de   Guayama  , Puerto Rico

**RE:** ☒ Civil ☐ Criminal  -  Número:  GACI2012-0065

CONSEJO DE TITULARES....          Sobre: COBRO DE DINERO
v.                                R60
MARIA DE L. COSME HERNANDEZ

Estimado(a) Señor(a):

Con fecha de   26  de     abril     de 2013   , se recibió en esta Secretaría en grado de traslado, el expediente número  GACI2012-0065   , procedente de esta Sala, y el mismo ha sido radicado con el número  TM2013-326   .

Cordialmente,

MIGDALIA MARRERO CALDERON
Nombre Secretario(a) del Tribunal

Firma Secretario(a)

c: LCDA. MARTA R. RAMOS SANTIAGO
MARIA DE L. COSME HERNANDEZ

Por:    KARLA P. RIVERA ROMAN
Secretario(a) Auxiliar del Tribunal

OAT 748 (Rev. noviembre / 2008)
Acuse de Recibo Expediente (Traslado)

Estado Libre Asociado de Puerto Rico
**TRIBUNAL GENERAL DE JUSTICIA**
TRIBUNAL DE PRIMERA INSTANCIA
Sala Municipal de ~~Toa Alta~~



**NOTIFICACION Y CITACION**



De conformidad con la Regla 60 de las del Procedimiento Civil de 2009, el(la) Secretario(a) que suscribe notifica a usted que se ha presentado una demanda en la Secretaría de esta Sala, por la vía sumaria, en la cual la parte demandante alega bajo Juramento o declaración jurada que usted le adeuda la cantidad de $5,724.25. Se le incluye copia de la demanda donde podrá enterarse más detalladamente de la reclamación mencionada.

Se le notifica que se ha señalado para la vista del caso en su fondo, y por la presente se les cita a comparecer a ella, a celebrarse el día 27 de junio de 2013 a las 8:30 ☑ a.m. ☐ p.m., en el Salón Sección En la citada vista en su fondo deberá usted exponer su posición respecto a la reclamación, además, podrá comparecer por sí solo(a) o representado(a) por un(a) abogado (a).

**Se le apercibe que si usted dejare de comparecer a la vista en su fondo se podrá dictar Sentencia en rebeldía en su contra, conforme a lo establecido en la Regla 45 de Procedimiento Civil de 2009.**

Expedido bajo mi firma y sello del Tribunal, hoy 3 de mayo de 2013

Secretario(a)

Karla P. Rivera Román
Secretaria Auxiliar del Tribunal

Secretaria del Tribunal

**ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE PRIMERA INSTANCIA
SALA MUNICIPAL DE ARROYO EN GUAYAMA**

**CONSEJO DE TITULARES DEL
CONDOMINIO VILLAS DE PUNTA
GUILARTE**

**Demandante**

**vs.**

**MARÍA DE LOURDES COSME HERNÁNDEZ**

**Demandados**

CIVIL NÚM. GACI2a200065
101A

**SOBRE:  COBRO DE DINERO
(REGLA 60)**

**DEMANDA**

**AL HONORABLE TRIBUNAL:**

**COMPARECE** la demandante de epígrafe, Consejo de Titulares del Condominio Villas de Punta Guilarte, por conducto de la representación profesional que suscribe y muy respetuosamente, **EXPONE, ALEGA Y SOLICITA**:

**I. LAS PARTES**

1.    El Condominio Villas de Punta Guilarte, fue sometido al régimen de propiedad horizontal en virtud de la escritura número nueve de 5 de junio de 1995, otorgada ante el Notario Público Arturo Maldonado Morales. El demandante Consejo de Titulares, representado por su Junta de Directores del Condominio Villas de Punta Guilarte (en lo sucesivo "Villas de Punta Guilarte") es en virtud de dicho régimen responsable del mantenimiento, vigilancia, seguridad y administración de las áreas comunes del condominio.

2.    La dirección del Consejo de Titulares del Condominio Villas de Punta Guilarte es PO Box 40821, San Juan, Puerto Rico 00940.

3.    La demandada María de Lourdes Cosme Hernández, soltera, mayor de edad y titular del Condominio Villas de Punta Guilarte, Villa 12, Arroyo, Puerto Rico, es titular de la susodicha unidad y como tal, la persona natural obligada a cumplir con el pago de cuotas de mantenimiento, derramas, intereses y penalidades que le son



impuestas a dicha unidad en condominio. Su dirección postal es la siguiente: Urbanización Parque Interamericana, 47 Calle A-1, Guayama, Puerto Rico 00784.

4. La demandada responde por las sumas objeto de esta demanda, al ser titular de la unidad de vivienda en la que reside antes identificada.

## II. JURISDICCIÓN

5. El Tribunal de Primera Instancia, Sala Municipal de Arroyo en Guayama, tiene jurisdicción y competencia en este caso por ser una reclamación que no excede los $15,000.00, y por la parte demandada tener sus oficinas en esa región judicial. Artículos 5.001, 5.003 y 5.005 Ley 201 del 22 de agosto de 2003, mejor conocida Ley de la Judicatura del Estado Libre Asociado de Puerto Rico, según enmendada, Regla 3.4 de las de Procedimiento Civil de Puerto Rico, 32 L. P. R. A. Ap. III, R. 3.4, y Ley Número 220 de 29 de diciembre de 2009.

## III. LOS HECHOS

6. La parte demandada es la titular de la Villa 12 localizada en el Condominio Villas de Punta Guilarte, Villa 12, Arroyo, Puerto Rico. Ver **Anejo I** de esta demanda. Según la última información obtenida, la titular reside en: Urbanización Parque Interamericana, 47 Calle A-1, Guayama, PR 00784.

7. Según los estados de cuenta de la susodicha unidad en condominio, ésta adeuda al 16 de enero de 2012 la suma de **$5,724.25** en concepto de cuotas de mantenimiento, la que se desglosa en el **Anejo II** de esta demanda.

8. La cuota de mantenimiento se acumula y vence el día primero de cada mes subsiguiente a razón de **$150.00,** con vencimiento dispuestos el día primero de cada mes.

9. El día 14 de diciembre de 2011, mediante carta suscrita y enviada por correo certificado se le requirió solicitó a la parte demandada el pago adeudado y vencido a esa fecha, como consta en el **Anejo III** de esta demanda, cuyo requerimiento de pago ignoró la parte demandada.

10.    La parte demandante solicita de este Honorable Tribunal a que condene a la parte demandada al pago de la suma de **$5,724.25,** los intereses acumulados desde que la misma advino vencida, líquida y exigible, y hasta su total pago; las costas, gastos del procedimiento y una suma por concepto de honorarios de abogado; y cualquier otra suma acumulada a la deuda con posterioridad a la radicación del pleito, la cual haya advenido líquida, vencida y exigible a la fecha de la Sentencia.

11.    Por ser la suma total adeudada una cantidad no mayor de $15,000.00 exclusive intereses, corresponde al Honorable Secretario de este Tribunal expedir el proyecto de notificación y citación que se acompaña, para así la parte demandante notificar a la demandada por escrito de la acción incoada.   Regla 60 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, R. 60, según enmendada por la Ley Núm. 196 de 7 de agosto de 1998 y por la Ley Número 220 de 29 de diciembre de 2009.  A esos efectos se incluye proyecto de notificación y citación.

**POR TODO LO CUAL**, muy respetuosamente solicitamos de este Honorable Tribunal que tome conocimiento de lo antes expuesto y declare ha lugar la presente Demanda, concediendo los remedios aquí consignados, y condenando a la parte demandada al pago, además, de los intereses, costas, gastos del litigio, y una suma no menor al 10% para honorarios de abogado, así como cualquier otra cantidad acumulada a la deuda con posterioridad a la radicación del pleito, la cual haya advenido líquida, vencida y exigible a la fecha de la Sentencia.

**RESPETUOSAMENTE SOMETIDA.**

En San Juan, Puerto Rico, hoy 24 de enero de 2012.

**DESK TRIAL LAWYERS & COUNSELORS LLC**
P.O. Box 9023663
San Juan, PR 00902-3663
Tel: 787-641-1717 - Fax: 787-641-2444
mramos@desktrial.com

**MARTA R. RAMOS SANTIAGO**
RUA.14602

JEDS/MR/186.018        $50.

C005b737

3



# LORD TITLE SERVICE CO.

*713 ANDALUCIA AVENUE PUERTO NUEVO*
*SAN JUAN, PUERTO RICO 00920*
*WWW.LORDTITLE.COM*

*PHONE: (787) 774-1660*
*FAX: (787) 782-5888*
*LORDTITLE@GMAIL.COM*

Notice:



THIS IS NOT A TITLE INSURANCE POLICY AND SHOULD NO BE RELIED UPON AS SUCH.
LIABILITY FOR THIS TITLE SEARCH IS LIMITED TO THE AMOUNT PAID FOR IT.
FOR FULL PROTECTION PURCHASERS AND LENDERS SHOULD REQUIRE A TITLE INSURANCE POLICY.

**CASO:** *DESK TRIAL LAWYERS & COUNSELORS, LLC*    Michelle Rosado

**RE:** *MARIA D. COSME HERNANDEZ*           186.000

**FINCA:** *#5893 inscrita al folio 31 del tomo 157 de Arroyo Registro de la Propiedad de Guayama.*

**DESCRIPCION:** *URBANA: Propiedad Horizontal: Villa #12. Villa Residencial, de forma rectangular, de dos niveles, individual, localizada en el Condominio Villas de Punta Guillarte, situado en los Barrios Palma y Cuatro Calles, del Municipio de Arroyo, Puerto Rico. Esta villa tiene un área superficial de aproximadamente 1,156.00 pies cuadrados equivalentes a 107.53 metos cuadrados. Son sus linderos los siguientes; por el Norte en distancia de 14.00 pies lineales, con un área exterior de elemento común; por el Sur en distancia de 14.00 pies lineales con un área exterior de elemento común; por el Este en distancia de 42.00 pies lineales con un área exterior de elemento común y por el Oeste en distancia de 42.00 pies lineales con un área exterior de elemento común. Consta del primer nivel de cocina, sala-comedor, área de lavandería, un medio baño, terraza y escalera que conduce al segundo nivel, el segundo nivel consiste de dos dormitorios, un baño y balcón. La puerta principal de entrada y salida está localizada en su lado Norte, en su lado Sur, tiene otra puerta que conduce a una terraza, que a su vez conduce al patio exterior asignado a esta Villa y a los elementos comunes del Condominio. A esta Villa le corresponde dos espacios de estacionamiento asignados que se identifican con los #12 y #12-A; también goza del uso exclusivo de un área de patio en su lado Sur, que es elemento común limitado, con un ancho de 14.00 pies lineales y un largo de 9.00 pies lineales, cuya área será mantenida por el propietario, y la misma no puede ser ampliada, cercada, ni habilitada para otro uso que no sea un espacio abierto. A esta Villa le corresponde una participación en los elementos comunes generales del Condominio de 1.75%.*

**TRACTO:** *Se individualiza de la finca #560 inscrita al folio 82 del tomo 154 de Arroyo*

**DOMINIO:** *Consta inscrita a favor de* **MARIA DE LOURDES COSME HERNANDEZ, soltera** *quien adquirió por compra a Lourdes Socorro Torres Rodríguez, soltera, por precio de $160,000.00, según Esc. #280 en San Juan el 15 de mayo de 2006 ante Armando J. Martínez Vilella, inscrita al folio 31 del tomo 195 de Arroyo, finca #5893 inscripción 2da.*

**GRAVAMENES:** *Por su procedencia: Servidumbres a favor de AAA, AEE, PRTC, Servidumbre a favor de la Cooperativa Leonshire Inc. y de los esposos John Mark Bishops y Bárbara Birch Bishops, Robert Heater y esposa Caroline R. Heater.*

**POR SI:** *Hipoteca constituida por MARIA DE LOURDES COSME HERNANDEZ, soltera en garantía de un pagaré, aff#.26173, a favor de RG Premier Bank of PR , o a su orden, por $134,500.00 al 7 1/2%, vencedero el 1 de junio de 2036 , según Esc. #281 en San Juan  a 15 de mayo de 2006 ante Armando J. Martínez Vilella, inscrita al folio 31 del tomo 195  de Arroyo finca #5893 inscripción 3ra.*

**DOCUMENTO:** *Al asiento 86 del Diario 640 el 9 de junio de 2009 se presentó la Esc. #32 en San Juan  el 28 de mayo de 2009 ante William López Méndez, mediante la cual María De Lourdes Cosme Hernández, soltera constituye hipoteca en garantía de un pagaré, aff.#4175 a favor de Banco del Desarrollo Económico para Puerto Rico, o a su orden,  por $69,000.00 al 1% sobre el prime rate, vencedero a la presentación.*

*CONTINUA........*



## LORD TITLE SERVICE CO.
713 ANDALUCIA AVENUE PUERTO NUEVO
SAN JUAN, PUERTO RICO 00920
WWW.LORDTITLE.COM

PHONE: (787) 774-1660
FAX: (787) 782-5888
LORDTITLE@GMAIL.COM

Notice:

PAGINA 2
FINCA 5893 DE ARROYO

**DOCUMENTO QUEDARA INSCRITO BAJO LA LEY NUMERO 216 DEL 27 DE DICIEMBRE DEL 2010, conocida como la "Ley para Agilizar el Registro de la Propiedad" y su REGLAMENTO.**

**NOTA: DEL REGISTRO SURGE UN ATRASO DE VARIOS DIAS EN LA ENTRADA DE MINUTAS DE PRESENTACION PARA LA BITACORA ELECTRONICA DEL SISTEMA AGORA. NO SOMOS RESPONSABLES POR ERRORES U OMISIONES DEL REGISTRO.**

**REVISADOS:** Registro de embargos estatales, incluyendo Ley #12 del 2010, contribuciones federales, sentencias y Bitácora Electrónica; de la cual no nos hacemos responsables por errores u omisiones en la misma.

19 de diciembre de 2011                                          1112-0585

NOEL A. HERNANDEZ GUZMAN
        PRESIDENTE
10-F

THIS IS NOT A TITLE INSURANCE POLICY AND SHOULD NO BE RELIED UPON AS SUCH. LIABILITY FOR THIS TITLE SEARCH IS LIMITED TO THE AMOUNT PAID FOR IT. FOR FULL PROTECTION PURCHASERS AND LENDERS SHOULD REQUIRE A TITLE INSURANCE POLICY.

# Statement

P.O. Box 40821
San Juan, PR 00940

To:

María D Cosme (Villa #12)
Urb. Parque Interamericana
47 Calle A1
Guayama, PR 00784

| Date |
|------|
| 1/23/2012 |

| | Amount Due | Amount Enc. |
|---|---|---|
| | $5,724.25 | |

| Date | Transaction | Amount | Balance |
|------|-------------|--------|---------|
| 10/31/2011 | Balance forward | | 4,989.81 |
| 11/01/2011 | Cuota de Mantenimiento | 150.00 | 5,139.81 |
| 11/16/2011 | Multa por pago tardío | 15.00 | 5,154.81 |
| 11/16/2011 | Interés Legal | 0.83 | 5,155.64 |
| 11/16/2011 | Penalidad (+90 días) | 51.55 | 5,207.19 |
| 12/01/2011 | Cuota de Mantenimiento | 150.00 | 5,357.19 |
| 12/16/2011 | Multa por pago tardío | 15.00 | 5,372.19 |
| 12/16/2011 | Interés Legal | 0.83 | 5,373.02 |
| 12/16/2011 | Penalidad (+90 días) | 53.73 | 5,426.75 |
| 01/01/2012 | Cuota de Mantenimiento | 150.00 | 5,576.75 |
| 01/01/2012 | Pago mes 13 (mitad) | 75.00 | 5,651.75 |
| 01/16/2012 | Multa por pago tardío | 15.00 | 5,666.75 |
| 01/16/2012 | Interés Legal | 0.83 | 5,667.58 |
| 01/16/2012 | Penalidad (+90 días) | 56.67 | 5,724.25 |

SEGUN LA LEY DE CONDOMINIOS DEL 5 DE ABRIL DE 2003, EN SU
ARTICULO #49 (PUESTO EN VIGOR DESDE SEPTIEMBRE 2004) SE FACULTA
AL TESORERO A LO SIGUIENTE:
1) LOS PAGOS EFECTUADOS POSTERIOR AL DIA 15 DE CADA MES
CONLLEVAN UNA MULTA DE 10% DE LA MENSUALIDAD ESTABLECIDA.
2) EN ADICION AL 10% SE CARGARA INTERESES AL TIPO MAXIMO LEGAL.
EN NUESTRO CASO .005%
3) FALTAS DE PAGOS DE TRES (3) O MAS PLAZOS CONSECUTIVOS
CONLLEVA UNA PENALIDAD ADICIONAL DE UNO POR CIENTO (1%)
MENSUAL DEL TOTAL ADEUDADO.

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|---------------------|---------------------|-----------------------|------------|
| 72.50 | 294.56 | 217.38 | 215.23 | 4,924.58 | $5,724.25 |



**de la cruz skerrett LAW GROUP**

PO Box 9023663 San Juan, Puerto Rico 00902-3663
Tel. 787-641-1717  Fax 787-641-2444

Correo Certificado y Acuse de Recibo
Núm. 7009 2820 0001 3504 5570

14 de diciembre de 2011

Sra. María D. Cosme
Urb. Parque Interamericana
47 Calle A-1
Guayama, PR 00784

**RE:  CONDOMINIO VILLAS DE PUNTA GUILARTE
CUOTAS DE MANTENIMIENTO ADEUDADAS / VILLA 12**

Estimada señora Cosme:

La Junta de Directores del Condominio Villas de Punta Guilarte nos ha referido para el trámite de cobro correspondiente la morosidad por usted observada en el pago de las cuotas de mantenimiento del condominio.

Al 9 de diciembre de 2011, el balance reportado por la administración sobre su villa en el Condominio Villas de Punta Guilarte, ascendía a **$5,357.19** por concepto de cuotas de mantenimiento del condominio. Pagos posteriores a la fecha de esta carta no están siendo considerados, por lo que deberá verificar con la Oficina de Administración cualquier deuda posterior.  Se une copia de su estado de cuenta a la fecha de cierre que se indica.

Se le concede un término final de **quince (15) días** a partir de la fecha de esta notificación, para que satisfaga en su totalidad la deuda informada, o dentro de este mismo término, presentar a la administración del Condominio cualquier objeción que usted tuviera sobre el balance aquí reportado o evidencia de que el pago ya ha sido total o parcialmente realizado.

**DESK Trial Lawyers & Counselors, LLC**
450 Avenida de la Constitución A-2 San Juan, PR 00901-2303

B6·000 M2



Sra. María D. Cosme
14 de diciembre de 2011
Página 2

De usted no disputar este balance dentro del término indicado, se entenderá que el
mismo es correcto y se continuará con la gestión de cobro, instándose acción judicial en
su contra   por cobro de dinero, en la que se reclamará además, el pago de los
intereses, costas, gastos y honorarios de abogado. Un embargo de su propiedad será
tramitado si la deuda no es satisfecha una vez adjudicada por el tribunal.

Cordialmente,

Luis R. Vivas Ugartemendía
lvivas@desktrial.com

Anejo

LRVU/MR/186.000