# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>MARÍA DE LOURDES COSME HERNÁNDEZ<br><br>**Debtor**<br>_____<br><br>MARÍA DE LOURDES COSME HERNÁNDEZ,<br><br>**Plaintiff**<br><br>v.<br>CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE,<br><br>**Defendants** | Case No. **10-07347 (EAG)**<br><br>Chapter: 13<br><br>Adv. Proc. No.: **13-0116**<br><br>Willful Violation of Automatic Stay |

## DEFENDANT'S MEMORANDUM OF LAW

**TO THE HONORABLE COURT:**

**COMES NOW** Defendant, **Consejo de Titulares del Condominio Villas de Punta Guilarte (hereinafter "Condominium"),** through its undersigned attorneys, and, very respectfully submit INFORM, ALLEGE and PRAY:

### INTRODUCTION

On December 23, 2013, Plaintiff María de Lourdes Cosme Hernández (hereinafter Plaintiff") submitted *Amended Uncontested Facts* in support of her *Summary Judgment Legal Memorandum*, Docket Nos. 23 & 22, correspondingly. After Plaintiff complied with Order to Show Cause (Docket 31) and filed certified translations of documents originally submitted in Spanish (Docket 28), on March 7,



2014, this Honorable Court ordered the Condominium to file its Answer to Plaintiff's Summary Judgment Motion (Docket 32). In compliance with said Order, the Condominium submits its Memorandum of Law.

As mentioned in its Statement of Uncontested Facts, the Condominium notes that basically all uncontested facts Plaintiff offers were already admitted, deemed as irrelevant, or stated not a fact but an issue of law to be addressed by this Honorable Court. The Condominium does not contest, oppose or raised any issue as to the authenticity of the documents submitted in support of Plaintiff's Statement of Uncontested Facts, as they are mainly documents filed before this Court or local state court.

As Defendant Condominium stated in its Statement Uncontested Fact the confirmed plan that consents to the lift of Stay in favor of defendant does not literally express that the consent is limited to in-rem remedies (complaint, docket #1, exhibit 6).

The relevant and material facts regarding the controversy raised in the above captioned matter are not in dispute, subject to objections or observations herein made by the Condominium, as the only issue remaining is one of matter of law, that is, if collection efforts under the Puerto Rico Condominium Law, Act No. 104 of June 25, 1958, No. 104, p. 243, as amended by Act 103 of April 5, 2003, as amended, are considered violations to an Order for Automatic Stay pursuant to 11U.S.C.S § 362.

In essence, Plaintiff-Debtor's consent to the lift of the automatic stay in favor of Defendant Condominium was not, and could have not been limited to *in-rem* proceedings, in a literal sense and without taking into account local Condominium Law. Efforts and filings to collect the maintenance assessments in arrears for the period prior to the bankruptcy filing and those accumulated after such filing need to be brought directly against debtor María de Lourdes Cosme Hernández and she had to be submitted to the local court jurisdiction. Judgment may not be entered in favor of defendant-respondent for maintenance quotas in arrears in absence of debtor appearing as an indispensable party.

The Condominium Law allows for the attachment of property at a plaintiff-claimant's request only if the specific proceedings provided on Articles 39 and 41 of the Puerto Rico Condominium Law, are strictly followed. The lift of stay forcefully granted appearing defendant-respondent the authority to continue in a local court of law the collection of maintenance quotas in arrears.

In other words, it is impossible, under local Condominium law, to have an exclusive in-rem action without including Plaintiff, as titleholder of the property, as an indispensible party. The *in-rem* action is non-existing and the collection of quotas may not exclude title owner from being a party in such legal action. Without a complaint or a judgment naming and having the owner under its jurisdiction as a defendant in the action, the property may not be attached nor be submitted to a public auction by defendant-respondent.

To conclude or allege that there has been a willful, malicious or intentional violation of stay, in the context of the Puerto Rico Condominium Law, without any supporting document that allows this Honorable Court to conclude or determine that Plaintiff's personal property, funds or monies were in risk of being attached, is simply a misreading of the Puerto Rico Condominium Law. If the Condominium, and only if, were it to attach any personal funds, bank accounts or any personal property other than Plaintiff's villa at Villas de Punta Guilarte, then a possible violation of stay could be alleged. But the mere joining of Plaintiff, in the context of the Puerto Rico Condominium Law, cannot be viewed and considered, by itself, as a violation of stay.

**STANDARD FOR SUMMARY JUDGMENT**

This motion is filed according to Rule 56(c) of the Federal Rules of Civil Procedure, which sets forth the standard for ruling on summary judgment motions: The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The critical question is whether a genuine issue of material fact exists. *Hoyos v. Telecorp Communs., Inc.*, 2005 U.S. Dist. LEXIS 33952 (D.P.R. 2005). See also: *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 239 (1st Cir., 2005);

*Quiñones Vázquez v. Salvation Army, Inc.*, 240 F. Supp. 2d 150 (D.P.R., 2003); *Zambrana-Marrero v. Suarez-Cruz*, 172 F.3d 122, 125 (1st Cir., 1999).

The role of summary judgment is to look behind the facade erected by the pleadings and assay the parties' proof in order to determine whether a trial will serve any useful purpose. *Plumley v. S. Container, Inc.*, 303 F.3d 364, 368 (1st Cir., 2002). "The Supreme Court has stated that 'only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.' " *Hoyos v. Telecorp Communs., Inc., supra*, citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). See also *González-Pina v. Guillermo Rodríguez*, 407 F.3d 425, 431 (1st Cir., 2005)

A factual dispute is "material" if it "might affect the outcome of the suit under the governing law," and "genuine" if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Giusti Negrón v. Scotiabank de Puerto Rico*, 260 F. Supp. 2d 403, 406 (D.P.R., 2003). A factual dispute, which is neither "genuine" nor "material", will not survive a motion for summary judgment. *Anderson v. Liberty Lobby, Inc., supra.*

The burden of establishing the nonexistence of a genuine issue as to a material fact is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two components: (1) an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and (2) an ultimate burden of persuasion, which always remains on the moving party. See id. In other words,

"the party moving for summary judgment.... bears the initial burden of demonstrating that there are no genuine issues of material fact for trial." *Hinchey v. NYNEX Corp.*, 144 F.3d 134, 140 (1st Cir., 1998). This burden "may be discharged by showing that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. After such a showing, the "burden shifts to the nonmoving party, with respect to each issue on which he has the burden of proof, to demonstrate that a trier of fact reasonably could find in his favor." *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir., 1997) (citing *Celotex*, 477 U.S. at 322-25); *Hoyos v. Telecorp Communs., Inc., supra*.

Thus, summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is no the slightest doubt as to whether a genuine issue of material fact exists. *Uncle Henry's, Inc. v. Plaut Consulting Co.*, 399 F.3d 33, 41 (1st Cir., 2005); *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir., 1993); *Canal Insurance Co. v. Benner*, 980 F.2d 23, 25 (1st Cir., 1992).

Although the ultimate burden of persuasion remains on the moving party and the court should draw all reasonable inferences in favor of the nonmoving party, the nonmoving party will not defeat a properly supported motion for summary judgment by merely underscoring the "existence of some alleged factual dispute between the parties"; the requirement is that there be a genuine issue of material fact. *Hoyos v. Telecorp Communs., Inc., supra*, *Giusti Negrón v. Scotiabank de Puerto Rico, supra*; *Anderson, supra*.

Under Rule 56(e) of the Federal Rules of Civil Procedure, the non-moving party "may not rest upon the mere allegations or denials of the adverse party's pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. Summary judgment exists to "pierce the boilerplate of the pleadings," *Wynne v. Tufts Univ. Sch. of Med.*, 976 F.2d 791, 794 (1st Cir., 1992), and "determine whether a trial actually is necessary." *Vega-Rodríguez v. P.R. Tel. Co.*, 110 F.3d 174, 178 (1st Cir., 1997).

As previously stated, and as also mentioned in Defendant's Uncontested Facts, the issue at hand is strictly an issue of law. No controversy of material facts has been brought before this Honorable Court that impedes the issue of law to be resolved.

After reading each parties *Statement of Uncontested Material Facts and Request for Summary Judgment*, and having confirmed that there is no genuine issue that requires trial, it is clear that Defendant Condominium, and not Plaintiff, is entitled to a judgment as a matter of law.

## ARGUMENT

The question before this Honorable Court is simple: Did defendant Condominium violate the Order for Automatic Stay? Was the mere joining of Defendant in the Collection of Monies complaint file before the Puerto Rico State Court sufficient to conclude that remedies other than in rem were sought? And if indeed where this Honorable Court to find in favor of Plaintiff, was the alleged

violation willful or malicious? The discussion that follows addresses this questions, all in favor of the Condominium.

**First of all, as Defendant Condominium stated in its Statement Uncontested Fact the confirmed plan that consents to the lift of Stay in favor of defendant does not literally express that the consent is limited to in-rem remedies (complaint, docket #1, exhibit 6).**

Article 39 of the Puerto Rico Condominium Law, 31 L.P.R. § 1293c, establishes the legal obligation each apartment owner has regarding the payment of assessments, administration and maintenance fees:

> **"Unit owners are legally bound to contribute proportionally to defray expenses for the administration, preservation, and repair of general common elements of the building,** and as the case may be, of the limited common elements, as well as any other legally agreed-upon elements.
>
> "Unless the court or forum with jurisdiction so authorizes, no unit owners may refuse to make the payment of their contribution to such expenses by waiving the use and enjoyment of the common elements, nor by abandonment of the unit they own, nor due to having filed an administrative or legal claim against the Unit Owners Association or the Board of Directors regarding matters pertaining to the administration or maintenance of the common areas.
>
> ...
>
> "Unit owner's debt for common expenses may be **judicially claimed** under the abbreviated procedure and up to the limit provided under Civil Procedure Rule 60, as amended.
>
> ...
>
> **"When a debt is claimed by legal means, the court, at the plaintiff's request, shall decree an attachment order on the goods of the defaulter or defaulters, with no further**

**requirement than the presentation by the President and the Secretary of the Condominium Association of a certification sworn in the presence of a notary public or any other official authorized to take sworn statements, stating the agreement that approved the collectible expense and its amount, as well as the steps taken for its collection referenced in the fourth foregoing paragraph. Once the attachment order is decreed, it shall be the duty of the Board of Directors to submit a certified copy of the order to the Registry of the Property for its inclusion in the record of the pertinent parcel**". (emphasis added)

Article 41 of the Condominium Law, 31 L.P.R. § 1293e, expands upon the obligation of the owner, as well as those that may acquire the property once a lien has been constituted on said unit.

"**The obligation of the proportional part of the common expenses of the owner of a unit shall constitute a lien on said unit, once the same is entered in the Registry of the Property. Therefore, after the first sale, the voluntary acquirer of an unit shall be jointly responsible with the transferor for the payment of the owed amounts, pursuant to § 1293c of this title, up to the moment of the transfer, without prejudice to the right of the acquirer to recover from the other transferor those amounts paid as a joint debtor.** However, an involuntary acquirer shall only be responsible for the unpaid common expenses debts that arise during, the six months prior to the moment of acquisition of the property.

"**The referenced obligation shall be demandable to anyone who is a unit owner of the property comprised by the unit, even when the same has not yet been segregated and inscribed as a filial parcel in the Registry of the Property, or transferred [on] behalf of any person.**" (Emphasis added)

Articles 39 and 41 of the Puerto Rico Condominium Law provide for *in rem* actions against the apartment, but always binding the owner as responsible for said debt. In other words, the owner or owners will always be joined as parties in any

such action, which does not necessarily mean or is equivalent to an *in personam* action. Puerto Rico Law does not provide, in the context of condominiums, for the filing of an action exclusively against the apartment (in rem), without the owner as an indispensable party. Said owner, and not the property, has the legal obligation to contribute the fees.

Plaintiff's reasoning in the this case assumes and adopts an erroneous and unfounded premise when she tries to establish, prematurely, that the filing of a collection of monies action against a debtor who is an apartment owner in a building submitted under the Horizontal Property Regime, is in itself, an automatic violation of the stay. The only means available for the Condominium to obtain a Judgment in its favor, which can eventually be recorded as a lien, is to include all owners, past and previous, of the real property.

It seems Plaintiff actually "jumped the gun" when she filed the above captioned adversary proceeding, without first having any confirmation or indication as to the extent of the collection of monies complaint filed and if it actually would have pursued *in personam* remedies.

A similar controversy was recently before this Honorable Court in *Rivera v. Calidad Auto Sales Corp. (In re Rivera)*, 2013 Bankr. LEXIS 5399, 20-27 (Bankr. D.P.R. Dec. 23, 2013). In a parallel with the instant action, in Calidad Auto the Chapter 13 plan provided for the automatic stay to be lifted as to the certain motor vehicle, in order for Calidad Auto to proceed with *in rem* remedies only. As with defendant Condominium, "...Calidad Auto had actual knowledge that the only

remedy it was allowed to seek in state court was an *in rem* foreclosure on the vehicle (collateral), not an *in personam* collection of monies action against the Debtor".

This Honorable Court went on to summarize criteria and case law which controls the willful violation query as well as the award of damages:

> "The First Circuit in <u>Laboy v. Doral Mortg. Corp. (In re Laboy)</u>, 647 F. 3d 367, 374 (1st Cir. 2011) stated the following regarding whether a violation is deemed "willful:" **"[a] violation is 'willful' if a 'creditor's conduct was intentional (as distinguished from inadvertent), and committed with knowledge of the pendency of the bankruptcy case.'"** <u>In re Laboy</u>, 647 F. 3d. at 374 citing <u>In re McMullen</u>, 386 F. 3d 320, 330 (1st Cir. 2004). This court in the case of <u>In re Soto Rios</u>, 2009 Bankr. Lexis 2992 (Bankr. D.P.R. 2009) discussed the standard for a willful violation of the automatic under Section 362(k) and stated the following:
> 'Section 362(k)(1) allows an individual to recover actual damages, costs and attorneys' fees, and in appropriate circumstances punitive damages **when he or she is injured by a willful violation of the automatic stay.** <u>See</u> 11 U.S.C. §362(k)(1). 'A willful violation does not require a specific intent to violate the automatic stay. The standard for a willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and if the Defendant intended the actions which constituted the violation.' 2 <u>Fleet Mortg. Group. Inc. v. Kaneb</u>, 196 F. 3d 265, 269 (1st Cir. 1994)...
>
> **"The burden is on the debtor to prove by a preponderance of the evidence that he suffered damages as a consequence of the violation of the automatic stay.** <u>See</u> In re Heghmann, 316 B.R. at 404-405. Under Section 362(k)(1) of the Bankruptcy Code actual **damages should only be awarded if there is concrete evidence which supports with reasonable certainty the amount of the award.** <u>Id</u>. At 405." <u>In re Soto Rios</u>, 2009 Bankr. Lexis 2992, *13-14.
>
> "The damages provision in 11 U.S.C. §362(k) is **irrelevant unless the court first finds that there has been a willful violation of the automatic stay.** <u>Vazquez Laboy v. Doral Mortg. Corp</u>. (<u>In re Vazquez Laboy</u>), 647 F. 3d 367, 373-374 (1st Cir. 2011)". (Emphasis added).

In *Rivera v. Calidad Auto Sales Corp. (In re Rivera)*, supra, this Court found that a summary judgment as to the extent of damages suffered, **"if any, is premature as there is no finding of liability"**. (emphasis added). That situation mirrors Plaintiff's case against the Condominium, as there is no document that supports the extent, of any of her damages. In other words, how did the mere filing of a collection of monies complaint, prior to seeking in rem remedies, in the context of the Puerto Rico Condominium Law, with a consent to seek such remedies, assists in determining liability. Absence of said documents in Plaintiff's Summary Judgment is telling.

But in a more outstanding comparison with the present action, this Court held the following in *Rivera v. Calidad Auto Sales Corp. (In re Rivera)*, supra:

> "In addition, there is a disputed material fact which is critical to determine whether or not Calidad Auto willfully violated the automatic stay…**Neither party has submitted evidence to this court of the state court complaint to show that it was indeed a collection of monies action against the Plaintiff personally and not an in rem action to foreclose the vehicle.** The Judgment rendered by the state court indicated that the case was a collection of monies action. However, the court is unaware of whether the pleadings and prayers for relief in the motions filed with the state court seek an in rem foreclosure judgment, *an in personam* collection of monies remedy or both.
>
> "…
>
> "**The court finds that this fact by itself is crucial; namely whether Calidad Auto filed an *in personam* action against Debtor, since it is determinative of whether Calidad Auto willfully violated the automatic stay.** Therefore, Plaintiff's request to find that the Defendant violated the automatic stay must be denied" (emphasis added).

Although that specific issue in the *Rivera v. Calidad Auto Sales Corp. (In re Rivera)*, supra, dealt with the content and language of the pleadings (as opposed to the captions of the case), in defendant Condominium's case, there was already knowledge of the *in rem* remedies allowed under the consent. The collection of monies action would have been filed exactly as it was presented before the state court. Once judgment was obtained, there and only then would Plaintiff be able to determine if the Condominium was really violating the stay and seeking *in personam* remedies.

Another element to take into consideration as to the actual and alleged "willful violation of the automatic stay" is the current divided opinion amongst various courts regarding pre and post petition collection efforts, and whether such arrears fall outside of the stay limitations. Defendant Condominium does not bring the subject as an argument on whether the collection action falls outside the scope of the automatic stay, but rather as one more consideration to take into account, again, in the context of the Puerto Rico Condominium Law, when deciding if, in fact there was willfulness and disregard towards the stay. For example, the Condominium directs this Honorable Court to the discussion in *In re Hawk*, 314 B.R. 312 (Bankr. D.N.J. 2004) in the context of the The New Jersey Condominium Act, and whether assessments are considered as claims. The Condominium Association raised the following argument, not followed by that Court:

> "In support of its position, the Association relies on In re Henline, 242 B.R. 459 (Bankr. D. Minn. 1999) in which the court found that post-confirmation, the stay does not prevent foreclosure of a lien to collect post-petition condominium assessments. The Court does not find that

case persuasive for several reasons. First, the Henline court assumed without analysis that the post-petition assessments were a post-petition debt. As a result, the Henline court undertook no analysis of whether post-petition condominium assessments constitute a claim under the Bankruptcy Code, and thus did not address the implications of § 362(a)(5) of (a)(6). Second, the Third Circuit has directed the courts in this district to look to state law to determine the nature of claims; Thus, New Jersey decisions finding that unmatured condominium fees are a pre-petition claim hold more weight than a case from another jurisdiction".

Again the Condominium brings the issue in order to demonstrate that there are several interpretations as to the issue of foreclosure in post-petition condominium claims, so the severity and impulsiveness of Plaintiff's claims has to be examined against the proper legal and factual backdrop.

Speaking of prematurely making accusations of willful and malicious violations, there is yet another scenario, even if this Honorable Court finds on behalf of Plaintiff, for argument's sake.

Actions taken in violation of a stay can be voidable, instead of void *ab initio*. *In re Hawk*, supra, expands on the issue.

> "Generally, any action taken in violation of the automatic stay is void *ab initio.* Maritime Elec. Co., Inc. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991). The Third Circuit has, however, recognized an exception to that rule and has clarified that actions taken in violation of the automatic stay are voidable, rather than void *ab initio,* since they are subject to validation through annulment of the stay pursuant to § 362(d). In re Siciliano, 13 F.3d 748, 750-51 (3d Cir. 1994). However, a court will generally only grant such relief when the action was taken without knowledge of the bankruptcy filing, and cause to grant relief from the stay would have otherwise existed. Id. Here, the Association was aware of the bankruptcy, indeed, built the stay into the Consent Order, yet did not move for relief from the stay. Therefore, the Court will grant the Debtor's request to void all actions taken by the Association in violation of the stay".

In this case, were the only alleged violation is the supposed *in personam* remedies sought by the Condominium before state court, which in fact do not have that extent as already discussed before, no actual damages have been suffered by Plaintiff. But furthermore, "willfulness" in a Section 362 context has other considerations. The Court in *In re Hawk*, supra explains:

> "The Bankruptcy Code provides that a debtor injured by the "willful violation" of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). Moreover, "where willful violation of the stay is demonstrated, compensatory damages are mandatory." Matter of Mullarkey, 81 B.R. 280, 284 (Bankr. D.N.J. 1987). The Third Circuit has noted:
>
> **"It is a willful violation of the automatic stay when a creditor violates the stay with knowledge that the bankruptcy petition has been filed. Willfulness does not require that the creditor intend to violate the automatic stay provision, rather it requires that the acts which violate the stay be intentional".** (emphasis added).

The Condominium neither had any knowledge of the alleged violation of the stay, nor is there an element of intention. Quite the contrary: the Condominium proceeded with its collection action, in order to obtain a judgment against Plaintiff that eventually would have been recorded as a *in rem* remedy, as provided under the Puerto Rico Condominium Law.

But even that discrepancy or interpretation -if a Condominium can file a collection of monies complaint under the Puerto Rico Condominium Law in order to seek in rem remedies, without violating the stay- is, in itself, an exception to the definition of willful violation. Again we turn to *In re Hawk*, supra:

> "Respondents' actions satisfy the above definition of willful violation;

however, the analysis does not end here. In <u>University Medical Center</u>, the Court of Appeals for the Third Circuit recognized a limited exception to §362(h) **where the creditor has persuasive legal authority indicating that his or her actions do not violate the stay and the law on the issue is sufficiently unsettled.** <u>In re University Medical Center,</u> 973 F.2d 1065, 1088 (3d Cir. 1992). 2 Courts interpreting the Third Circuit's exception in <u>University Medical Center</u> have been unclear about whether it is a one or two prong analysis requiring both persuasive legal authority and legal uncertainty, or if just one suffices. *See, e.g.,* <u>In re Montgomery Ward, LLC,</u> 292 B.R. 49 (Bankr. D. Del. 2003)(applying a two pronged analysis) Resolution of that debate is unnecessary in this instance because the Respondents satisfy both prongs. The law on this issue is unsettled and, as previously noted, this is the first New Jersey bankruptcy decision to address post-petition condominium fees in the context of § 362. Additionally, the Respondents were able to cite caselaw from other jurisdictions to support their position. While this court obviously did not find them persuasive, it is enough to find that the <u>University Medical Center</u> exception has been satisfied. Accordingly, the Court will deny the Debtor's request for sanctions **against the Respondents pursuant to § 362(h)**".

The arguments that have been set forth by defendant Condominium, read in light of the facts and the Puerto Rico Condominium Law, allow for sanctions not be imposed. The Condominium has at least raised various issues that allow Section 362(h) exception to be invoked.

In light of the arguments set forth above, this Honorable Court can deny Plaintiff's request for Summary Judgment in her favor, finding in favor of defendant Condominium. No violation of the stay or consent order has been demonstrated, as no *in personam* remedies were actually executed. The Condominium used the proper vehicle, under Puerto Rico Condominium Law, to obtain a judgment: a collection of monies complaint against the owner of the apartment.

Plaintiff has not demonstrated what damages she suffered because of the filing of the Complaint. But, furthermore, even if this Court were to determine that

a violation to the stay in fact occurred, the missing requirement of willfulness, intention and actual damages suffered allow for alternate remedies as the voiding of any actions taken by the Condominium without imposition of sanctions.

**WHEREFORE**, defendant Consejo de Titulares del Condominio Villas de Punta Guilarte respectfully requests from this Honorable Court to take notice of the above and, once read in conjunction with its Memorandum of Law, deny Plaintiff's Motion for Summary Judgment.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 19th day of March, 2014.

**I HEREBY CERTIFY THAT** the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn will notify of said filing to which will send notification of such filing to all counsel of record.

**DESK TRIAL LAWYERS & COUNSELORS, LLC**
Attorneys for Defendant
*Consejo de Titulares del*
*Condominio Villas de Punta Guilarte*
P.O. Box 9023663, San Juan, PR 00902-3663
Tel: (787) 641-1717/Fax: (787) 641-2444

By:

**s/JOSÉ E. DE LA CRUZ SKERRETT**
USDC-PR Attorney 118808
delacruzskerrett@desktrial.com

**s/RAFAEL G. RIVERA-ROSARIO**
USDC/PR Attorney No: 215808
rrivera@desktrial.com

0186.022