**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | |
| MARIA DE LOURDES COSME HERNANDEZ, | CASE NO. 10-07347 EAG |
| DEBTOR. | CHAPTER 13 |
| MARIA DE LOURDES COSME HERNANDEZ, | |
| PLAINTIFF, | ADV. PROCEEDING NO. 13-00116 |
| v. | |
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE, | |
| DEFENDANT. | FILED & ENTERED ON 07/15/2014 |

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by plaintiff María de Lourdes Cosme Hernández against the Homeowners Association of Condominium Villas de Punta Guilarte. [Docket Nos. 22 & 23]. Ms. Cosme claims that the Association willfully violated the automatic stay provision of section 362(a) of the Bankruptcy Code[1] and moves the court for judgment awarding her actual and punitive damages, plus legal fees. The Association opposed the motion for summary judgment. [Docket Nos. 38 & 39]. For the reasons stated herein, the motion for summary judgment of Ms. Cosme is hereby denied.

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

## I. Jurisdiction.

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. Procedural Background.

Ms. Cosme filed a petition for relief under chapter 13 of the Bankruptcy Code on August 13, 2010, which was docketed as case number 10-7347. [Bankr. Docket No. 1.] On August 25, 2010, the Association filed secured claim number 1 in the amount of $2,023.75 for maintenance fees due from April 30, 2010 to August 1, 2010. [Claims Register No. 1.] Ms. Cosme filed a chapter 13 plan on August 13, 2010, and several amended plans on October 25, 2010, January 13, 2011, and March 7, 2011. [Bankr. Docket Nos. 2, 15, 27 & 41.] In the amended plan dated March 7, 2011, which was confirmed on September 13, 2011, Ms. Cosme consents to the lift of the automatic stay in favor of the Association. [Bankr. Docket Nos. 41 & 66.] On October 12, 2011, the chapter 13 trustee moved the court for an order disallowing proof of claim number 1 as the confirmed plan provided for the lift of stay in favor of the Association. [Bankr. Docket No. 71.] The court on December 28, 2011, entered the order disallowing proof of claim number 1. [Bankr. Docket No. 80.]

On June 5, 2013, Ms. Cosme filed the complaint that initiated this adversary proceeding. [Adv. Dkt. No. 1.] On June 27, 2013, the Association answered the complaint. [Adv. Dkt. No. 8.] On December 23, 2013, Ms. Cosme filed a statement of material facts and moved for

summary judgment. [Adv. Docket Nos. 22 & 23.] On February 26, 2014, Ms. Cosme filed certified translations of the documents in Spanish previously submitted as exhibits to the motion for summary judgment. [Adv. Docket No. 28.] On March 20, 2014, the Association filed its opposition to the motion for summary judgment. [Adv. Docket Nos. 38 & 39.]

### III. Uncontested Facts.

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

Ms. Cosme filed a petition for relief under chapter 13 of the Bankruptcy Code on August 13, 2010, which was docketed as case number 10-07347. [Bankr. Docket No. 1.] Schedule A of the petition listed four real properties in which Ms. Cosme had a legal interest as of the date of the filing of the petition, including an apartment located at the Condominium Villas de Punta Guilarte in Arroyo, Puerto Rico. [Amended Schedule A, Bankr. Docket No. 16.] The Association was included in Schedule F of the petition for unpaid maintenance fees and in the creditor mailing matrix. [Debtor's Uncontested Facts at ¶ 10, Adv. Docket No. 23; Association's Reply to Uncontested Facts at ¶ 10, Adv. Docket No. 38.] The Association was notified of the bankruptcy filing on August 13, 2010, and it filed a timely proof of claim on August 25, 2010, for the amount of $2,023.75. [Debtor's Uncontested Facts at ¶ 11, Adv. Docket No. 23; Association's Reply to Uncontested Facts at ¶ 11, Adv. Docket No. 38.] The amended chapter 13 plan dated March 7, 2011, which was confirmed on September 13, 2011, provides for the lift of the stay in favor the Association. [Bankr. Docket Nos. 41 & 66.]

On December 14, 2011, the Association sent Ms. Cosme a collection letter in the amount of $5,357.19 for past due maintenance fees. [Adv. Docket No. 28 at 41-42.] The letter gave Ms. Cosme a final term of fifteen days to pay the full amount outstanding. [Adv. Docket No. 28 at 41-42.] On January 24, 2012, the Association filed a complaint for collection of monies in state court, under Rule 60 of the Puerto Rico Rules of Civil Procedure, against Ms. Cosme for the amount of $5,724.15, plus interest, costs, and fees. [Adv. Docket No. 28 at 33-36.] As per the statement attached to the state court complaint, $4,989.81 was owed in maintenance fees as of October 31, 2011, and additional fees, late charges and interest were included for the months of November and December 2011 and January 2012. [Adv. Docket No. 28 at 40.] On August 6, 2012, the Association moved the state court for a pre-judgment attachment, requesting the court to issue an order and writ of attachment in the amount of $5,724.25 to be recorded in the Registry of Property over the apartment in Villas de Punta Guilarte. [Adv. Docket No. 28 at 33-36.]

## IV. Summary judgment standard.

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is

4

"entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment; the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar.

5

Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## V. Applicable Law and Discussion.

The automatic stay under section 362(a) is one of the basic protections afforded to a debtor under the Bankruptcy Code. When a debtor files a bankruptcy petition, he or she is immediately protected by an automatic stay that prohibits, among other things, "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case . . . ." 11 U.S.C. § 362(a)(6). "[T]he automatic stay imposes on non-debtor parties an affirmative duty of compliance." Sternberg v. Johnston, 595 F.3d 937, 943 (9th Cir. 2010). Section 362(k) of the Bankruptcy Code provides individuals with a means to redress violations of the stay, stating that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). "[C]ourts must display a certain rigor in reacting to violations of the automatic stay." Soares v. Brockton Credit Union (In re Soares), 107 F.3d 969, 975-76 (1st Cir. 1997).

A debtor alleging a violation of the automatic stay must demonstrate, by a preponderance of the evidence, "(1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damage as a result of the violation." Slabicki v. Gleason (In re Slabicki), 466 B.R. 572, 577-78 (B.A.P. 1st Cir. 2012).

6

A willful violation does not require a specific intent to violate the automatic stay; rather, the debtor must show that the defendant intended the actions that constituted the violation and had knowledge of the stay. See Fleet Mortg. Group v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999).

Ms. Cosme does not cite a particular subsection of § 362(a) that she contends the Association violated; she simply alleges that the Association's actions violated the automatic stay when, with knowledge that the plaintiff had filed for bankruptcy, it sought to collect the past due maintenance fees against the plaintiff in state court. [Adv. Docket No. 22 at 7.] Ms. Cosme further asserts that although the confirmed chapter 13 plan has a provision consenting to the lift of stay in favor of the Association, the same was limited to in rem remedies. [Adv. Docket No. 22 at 3.]

The Association argues that the confirmed plan does not expressly state that the consent to lift the stay was limited to in rem remedies. [Adv. Docket No. 39 at 8.] The Association further argues that the Puerto Rico Condominium Act does not provide an in rem only procedure to collect maintenance fees. Rather, the owner of the apartment is an indispensable party. [Adv. Docket No. 39 at 10.] So, the Association must first obtain a money judgment against the owner of the apartment in order to then record a lien on the apartment. [Adv. Docket No. 39 at 10.] The Association is correct.

Condominium ownership in Puerto Rico is regulated by the Puerto Rico Condominium Act, P.R. Laws Ann. tit. 31, § 1291, et seq.[2] Before seeking the payment of the maintenance fees by legal process, Article 39 of the Condominium Act requires that the homeowners association

---

[2]/P.R. Law. No. 104 of June 25, 1958, as amended, known as the Condominium Act.

first demand payment, by mail, return receipt requested. P. R. Laws Ann. tit. 31, § 1293c. If payment is not received within fifteen days, Article 39 allows the homeowners association to file a summary proceeding under Rule 60 of the Rules of Puerto Rico Civil Procedure to collect past due maintenance fees.[3] Id. Article 39 also allows the homeowners association to obtain a pre-judgment attachment on the apartment by filing with the state court a sworn statement from the President and Secretary of the homeowners association stating that the demand letter was sent, that no payment was received, and the amount outstanding. Id. Once the state court issues the attachment order, the board or directors of the condominium must submit a certified copy of the order to the Registry of Property to create a lien on the apartment. Id. Article 41 of the Condominium Act further provides that "[t]he obligation of the proportional part of the common expenses of the owner of a unit shall constitute a lien on said unit, once the same is entered in the Registry of the Property." P. R. Laws Ann. tit. 31, § 1293e.

In Puerto Rico, "the principles of publicity and specialty of the Registry of Property . . . do not admit the existence of secret liens; so in order to become effective, the 'lien' mentioned in [Article 41 of the Condominium Act] must be recorded in the Registry of Property." Vázquez Morales v. Caguas Federal Savings & Loan Association of P.R., 18 P.R. Offic. Trans. 930, 936 (1987). In other words, the lien contemplated by Article 41 of the Condominium Act is not self-perfecting; rather, in order to be perfected and for it to encumber the apartment, the lien must be recorded in the Registry of Property.[4]

---

[3] See P. R. Laws Ann. tit. 32, App. V R. 60 (2009), which provides an abbreviated legal proceedings to collect amount up to $15,000.00.

[4] Compare Article 41 of the Condominium Act to Article 200 of the Puerto Rico Mortgage Law, which creates a self-perfecting implicit statutory lien in favor of the Commonwealth of Puerto

Section 362(d)(4) allows a bankruptcy court to grant in rem relief to a secured creditor with an interest in real property if the court finds that the bankruptcy filing was part of a scheme to delay, hinder, or defraud creditors. 11 U.S.C. § 362(d)(4) "Nevertheless, Congress gave no indication in enacting § 362(d)(4) that it intended to prevent bankruptcy courts from employing 11 U.S.C. § 105(a) . . . to enter orders, when necessary or appropriate, to prevent the harm arising from abusive filings." Wells Fargo Bank, N.A. v. Traub (In re Traub), 2014 Bankr. LEXIS 2028, 10-11 (Bankr. S.D. Ga. May 5, 2014). Although a bankruptcy court may grant in rem relief under section 105, the "order granting the relief must clearly specify the effect of the in rem relief granted." In re SUD Props., 462 B.R. 547, 554 (Bankr. E.D.N.C. 2011).

Here, the provision in the confirmed plan consenting to the lift of the stay in favor of the Association did not expressly limit the scope of the grant of relief from the stay to in rem remedies. To the extent that Ms. Cosme asks the court to infer from the language of the confirmed plan that she consented only to a modification of the stay to allow the Association to pursue in rem remedies against the apartment, the court cannot do so in assessing a motion for summary judgment. Rather, the court must indulge all reasonable inferences in the Association's favor. Griggs-Ryan, 904 F.2d at 115. To the extent that Ms. Cosme argues that she intended to consent only to the modification of the stay to allow the Association to pursue in rem remedies against the apartment, and that intention could override the express terms of the plan, again the court cannot do so in assessing a motion for summary judgment. Determinations of intent are best left for trial. Mulero-Rodriguez, 98 F.3d at 677.

---

Rico, the Center for Collection of Municipal Incomes and municipalities, on the taxpayers' property for property taxes. P.R. Laws Ann., tit. 30 § 2651.

9

**VI. Conclusion.**

Given that the confirmed plan did not limit the lifting of stay in favor of the Association to in rem remedies and that the uncontested facts do not show that the Association did anything more than follow the provisions of Article 39 of the Condominium Act in order to obtain a lien on the apartment, the motion for summary judgment filed by plaintiff Lourdes Cosme Hernández [at Docket Nos. 22 & 23] is hereby denied.

SO ORDERED.

In Ponce, Puerto Rico, this 15th day of July, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge