**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| IN RE: | |
| MARIA DE LOURDES COSME HERNANDEZ, | CASE NO. 10-07347 EAG |
| DEBTOR. | CHAPTER 13 |
| | |
| MARIA DE LOURDES COSME HERNANDEZ, | |
| PLAINTIFF, | ADV. PROCEEDING NO. 13-00116 |
| v. | |
| CONSEJO DE TITULARES DEL CONDOMINIO VILLAS DE PUNTA GUILARTE, | |
| DEFENDANT. | FILED & ENTERED ON 10/02/2014 |

**OPINION AND ORDER**

On July 15, 2014, this court entered an opinion and order denying the motion for summary judgment filed by plaintiff María de Lourdes Cosme Hernández against the Homeowners Association of Condominium Villas de Punta Guilarte. [Docket No. 40.] In her motion for summary judgment, Ms. Cosme moved the court to find that the Association had willfully violated the automatic stay provision of section 362(a) of the Bankruptcy Code[1] and to enter judgment awarding her actual and punitive damages, plus legal fees. [Docket Nos. 22 & 23.] The court denied the motion for summary judgment because the confirmed chapter 13

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

plan did not limit the lifting of stay in favor of the Association to <u>in rem</u> remedies, and the uncontested facts did not show that the association did anything more than follow, after confirmation of the plan, the provisions of Article 39 of the Puerto Rico Condominium Act, P. R. Laws Ann. tit. 31, § 1293c, in order to obtain a lien on the debtor's apartment.

Now before this court is plaintiff's motion  requesting amended or additional findings of fact on the opinion entered by the court at docket number 40.  [Docket No. 42.]  Also pending is plaintiff's motion requesting reconsideration of the opinion entered at docket number 40. [Docket No. 43].  The plaintiff alleges in both motions (which are nearly identical) that: (1) the Association made collection efforts prior to the stay being lifted through the confirmed plan; (2) the lifting of the stay was limited to <u>in rem</u> remedies although it was not expressly stated as such in the plan; and that (3) the Association took <u>in personam</u> action against the plaintiff when it followed the provisions of Article 39 of the Puerto Rico Condominium Act, which is preempted by bankruptcy law.  For the reasons discussed below, both motions are hereby denied.

Federal Rule of Bankruptcy Procedure 7052 incorporates Federal Rule of Civil Procedure 52 and allows the court  in adversary proceedings to amend its findings or make additional findings of fact, and amend its judgment accordingly.  Fed. R. Bank. P. 7052.  Rule 52(b) "permits the correction of any manifest errors of law or fact that are discovered, upon reconsideration, by the trial court[,]" but it "is not intended to allow parties to rehash old arguments already considered by the court."  <u>National Metal Finishing Co. v. BarclaysAmerican/Commercial, Inc.</u>, 899 F.2d 119, 123 (1st Cir. 1990).

Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 and allows the court to alter or amend a judgment.[2] Under Rule 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact." Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012). The First Circuit has noted that there are four grounds to grant reconsideration: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law." Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005).

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). "[A] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

In her motions requesting additional finding of fact and reconsideration, the plaintiff does not specify under which legal basis she is requesting the relief under Bankruptcy Rule 7052 or 9023. Instead, the plaintiff raises in scattershot fashion a number of issues in an attempt to have the court reconsider its ruling.

---

[2]/"Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time such motion is served." Perez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R. 2013). Because plaintiff filed the motion for reconsideration within fourteen days of the entry of the opinion denying summary judgment, the court will consider it under Rule 59. Fed. R. Bank. P. 9023.

The plaintiff claims that the Association made collection efforts prior to the stay being lifted on September 13, 2011, when it sent her a statement of past due maintenance fees on August 25, 2010, and continued to send them for the following months. [Docket No. 42 at p. 6; Docket No. 43 at p. 7.] Nowhere in her statement of uncontested facts or motion for summary judgment did she allege that the Association violated the stay prior to confirmation. [Docket Nos. 22 & 23.] The anti-ferreting provisions of Local Civil Rule 56 provide that, in deciding a motion for summary judgment, the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e). As such, to the extent that this is a new proposed fact not presented by the plaintiff in her motion for summary judgment, it is denied on that basis, since motions for reconsideration are not vehicles to "advance new arguments that could or should have been presented" to the bankruptcy court prior to its ruling. Presstek, 455 F.3d at 15-16.

The plaintiff also argues that the lifting of the stay in the confirmed plan was limited to in rem remedies despite not being expressly stated as such. [Docket No. 42 at p. 6; Docket No. 43 at p. 7.] And, that the Association took in personam action against the plaintiff when it followed the provisions of Article 39 of the Puerto Rico Condominium Act. [Docket No. 42 at p. 9; Docket No. 43 at p. 10.] These arguments were already considered and rejected by the court in its prior opinion. The provision in the confirmed plan consenting to the lift of the stay in favor of the Association did not expressly limit the scope of the grant of relief from the stay to in rem remedies.[3] In deciding a motion for summary judgment, the court cannot make

---

[3] The court notes that there are other provisions in the confirmed plan lifting the stay in favor of other creditors, but limiting the scope of the lifting of stay to a specific property. [Bankr. Docket No. 41.]

4

inferences from the language of the confirmed plan or decide issues that have to do with intent. The uncontested facts only show that the Association followed the provisions of of Article 39 of the Puerto Rico Condominium Act after the stay was lifted through the confirmation of the plan.

The plaintiff also brings forth, for the first time, a preemption argument. [Docket No. 42 at p. 10; Docket No. 43 at p. 11.]  But, this argument could or should have presented prior to the entry of the opinion denying summary judgment, and is denied on that basis. Ultimately, even if the court were to take the preemption argument into consideration, the court is still not persuaded.  Its underlying premise is that the plaintiff intended for the lifting of the stay to be in rem even though the plan did not expressly state so.

Absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants additional finding of fact or reconsideration, the plaintiff's motions requesting additional findings of fact and/or reconsideration of the opinion at docket number 40 [at Docket Nos. 42 & 43] are hereby denied.

SO ORDERED.

In Ponce, Puerto Rico, this 2nd day of October, 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

5